UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), <br> v. <br> Defendant(s). | No. <br><br> **CASE MANAGEMENT CONFERENCE ORDER** <br><br> [ALL CASES] |

    IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Joseph C. Spero on _____, at 1:30 p.m., in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

    1.    Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

    2.    Counsel are directed to confer in advance of the Case Management Conference with respect to the subjects detailed in Fed. R. Civ. P. 16(c), 26(f), and all of the agenda items listed below. Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference Statement in compliance with Local Rule 16-9. In addition, the Joint Case Management Conference Statement shall address each agenda item listed below. Failure to file a Joint Case Management Conference Statement, without good cause, may subject a party to sanctions.

3. Each party shall be represented at the Case Management Conference by counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

4. Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten (10) days before the conference date. Good cause must be shown.

5. The parties should be prepared to address and resolve at the Case Management Conference the matters set forth in Fed. R. Civ. P. 16(b) and (c).

6. Other agenda matters which the Court will address at the Case Management Conference include the following:

   a) The basis for this Court's subject matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue;

   b) The factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counterclaims and the defenses to those counterclaims;

   c) Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court;

   d) Whether all parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment;

   e) A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and, in patent cases, the schedule for compliance with Patent Local Rules 3-1 through 4-6;

   f) A description of all pending motions and their current status;

   g) A description of all motions expected before trial;

   h) The extent to which new parties will be added or existing parties deleted, deadlines for adding and deleting parties, and deadlines for amendment of pleadings;

   i) The extent to which evidentiary, claim construction, or class certification hearings are anticipated;

j) The scope of discovery to date and, separately, the scope of anticipated discovery, including limits that should be imposed on discovery and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);

k) The extent to which any special discovery or other problems or issues have arisen or are expected;

l) Proposed deadlines and court dates, including trial date;

m) The expected length of trial, approximate number of witnesses, experts, exhibits, and whether a jury is demanded;

n) What damages and other relief are sought and what method is used to compute such damages;

o) ADR efforts to date and a specific ADR plan for the case;

p) The extent to which a special master should be involved in the case;

q) A service list for all counsel that includes telephone and fax numbers; and

r) Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

7. As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

8. Motions for summary judgment shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the parties contends are undisputed. A party who, without substantial justification, contends that a fact is in dispute is subject to sanctions.

9. The remainder of this order will apply to all discovery in this action. For good cause, the parties are invited to propose any modifications in their joint case management statement. Unless and until modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil Procedure and the local rules.

10. Counsel shall contact Judge Spero jointly by telephone before filing any discovery motions. If the Court determines that a formal discovery motion should be filed, counsel are directed to follow the procedures outlined in the Civil Local Rules and in this Order, unless otherwise specified at the time of the telephonic conference.

11. Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days notice pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

12. In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

13. In searching for responsive materials in connection with Fed. R.Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files,

4

emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

14. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication, (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

16. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) days of the date noticed by the party seekin/g the deposition.

17. Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the

statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

18.   Failure to comply with this Order or the Local Rules of this Court may result in sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

IT IS SO ORDERED.

Dated: January 30, 2001

_____
JOSEPH C. SPERO
United States Magistrate Judge