GARY R. GLEASON (SB# 136167)
MARGARET A. BURTON (SB# 193386)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518
Tel: 650-554-6200; Fax: 650-554-6240
*Local Counsel for Defendant,*
USAA GENERAL INDEMNITY COMPANY

GERALD J. NIELSEN (La. S.B. 17078)
MARY ELLEN WYATT (La. S.B. 30805)
NIELSEN LAW FIRM, L.L.C.
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Tel: 504- 837-2500; Fax: 504- 832-9165
*Of Counsel for Defendant,*
USAA GENERAL INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHANIE COOK AND NATHANIEL COOK,<br><br>    Plaintiffs,<br><br>vs.<br><br>USAA GENERAL INDEMNITY COMPANY and DOE 1 and DOE 100, inclusive<br><br>    Defendant. | Case No. C-07-4042-SC<br><br>**DEFENDANT USAA GENERAL INDEMNITY COMPANY'S ANSWER TO COMPLAINT** |

COMES NOW THE DEFENDANT, USAA General Indemnity Company (hereinafter referred to as "USAA GIC"), a Write Your Own ("WYO") Carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968, as amended (the

1  DEFENDANT USAA GENERAL INDEMNITY COMPANY'S ANSWER TO COMPLAINT

"NFIA"),[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and submits the following Answers and Affirmative Defenses to the Plaintiffs' Complaint. Defendant respectfully avers as follows:

Defendant responds as follows to the individual paragraphs of the Plaintiffs' Complaint:

## JURISDICTION

1. The allegations contained in paragraph 1 of the Plaintiffs' Complaint as they relate to the federal court's exclusive jurisdiction over claims involving the NFIP are admitted. All remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

2. The allegations contained in paragraph 2 of the Plaintiffs' Complaint are admitted.

3. The allegations contained in paragraph 3 of the Plaintiffs' Complaint do not require an answer of USAA GIC; however, in an abundance of caution, the allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

4. Defendant USAA GIC reasserts and realleges its answers to the allegations in paragraphs 1 through 3 above as set out above.

5. The allegations contained in paragraph 5 of the Plaintiffs' Complaint are admitted as to the allegations regarding the flood policy effective dates. Answering further, as Exhibit 1 to Plaintiffs' Complaint clearly shows, the policy was in effect from June 30,

---

[1] 42 U.S.C. §4001, *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.,* 143 F.3d 951, 953 (5th Cir.1998).

2005 to June 30, 2006. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

    6. The allegations in Paragraph 6 of the Plaintiffs' Complaint are denied as written. Answering further, as Exh. 1 to the Plaintiffs' Complaint clearly shows, the policy at issue was in effect between June 30, 2005 and June 30, 2006. Answering further, the SFIP is a codified federal law and speaks for itself.

    7. The allegations contained in paragraph 7 of the Plaintiffs' Complaint are denied.

    8. The allegations contained in paragraph 8 of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

    9. The allegations contained in paragraph 9 of the Plaintiffs' Complaint are denied as written. Answering further, the SFIP is a codified federal law with which the plaintiffs are charged with knowledge, and as such, speaks for itself.

    10. The allegations contained in paragraph 10 of the Plaintiffs' Complaint are denied.

    11. The allegations contained in paragraph 11 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law. Further, the Seventh Amendment right to a jury trial does not apply in cases involving the NFIP.

### SECOND CLAIM FOR RELIEF FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

    12. USAA GIC reasserts and realleges by reference all of the proceeding answers to the allegations found in paragraphs 1 through 11.

    13. The allegations contained in paragraph 13 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law. Further, as federal law

clearly states, USAA GIC owes a fiduciary duty to the United States Government, not Plaintiff.

14. The allegations contained in paragraph 14 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

15. The allegations contained in paragraph 15 and all subparts of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

16. The allegations contained in paragraph 16 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

17. The allegations contained in paragraph 17 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

18. The allegations contained in paragraph 18 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

19. The allegations contained in paragraph 19 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

20. The allegations contained in paragraph 20 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

21. The allegations contained in paragraph 17 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

USAA GIC denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief (including subparts one through seven as listed by the Plaintiffs) following Paragraph 21 of the Plaintiffs' Complaint. Further, the Seventh Amendment right to a trial by jury does not apply in cases involving claims under the NFIP. Further, extra-contractual and state law based claims are preempted and barred by federal, Constitutional, statutory and regulatory law.

AND NOW comes Defendant, USAA General Indemnity Company for the purposes of asserting the following affirmative defenses:

### FIRST DEFENSE - NO CAUSE OF ACTION

The Plaintiffs' Complaint fails to state a claim upon for which this Honorable Court may grant relief. Defendant reserves its right to assert all motions pursuant to F.R.C.P. Rule 12(b).

### SECOND DEFENSE - CONDITIONS PRECEDENT

Plaintiffs' SFIP expressly conditions the right to sue for benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference. See Articles VII(J)(3), (J)(4) and (K).

### THIRD DEFENSE - NO DETRIMENTAL RELIANCE

Plaintiffs did not rely on any alleged misrepresentations of Defendant. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs, including the NFIP. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), VII(7), and VII(8).

### FOURTH DEFENSE - THE INSURING AGREEMENT

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

### FIFTH DEFENSE - EXCLUSIONS

Some or all of the claims of the Plaintiffs are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to Art. I; Art.II (B)(3) and (10); Art III (B); Art. IV; Art V; Art VII(D), (E), (F), (G), (H), (J), (K), (M), (Q), (®), (S), (V); and, Art. IX, each provision contained therein are specifically pleaded herein. Plaintiffs' claims are further barred by 44 C.F.R. §§ 61.5(b), 61.11, and 61.13(c) and (d).

### SIXTH DEFENSE - WAIVERS

No part, provision or requirement of the SFIP, or any of the controlling federal laws, rules and regulations, may be waived, altered or amended by USAA GIC. See 44 C.F.R. 61.13(d) and Article VII(D) of the SFIP itself. Only the Federal Insurance Administrator may make such a waiver, and it must be in writing. No evidence of any such waiver, such that any additional amounts of U.S. Treasury funds could be paid to the insured, has been presented.

### SEVENTH DEFENSE - CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of the NFIP. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

### EIGHTH DEFENSE - CAUSATION

Some or all of the damage claimed by the Plaintiffs were the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the

home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under federal law, all burdens of proof upon this issue rest upon the Plaintiffs.

### NINTH DEFENSE - PRIOR PAYMENTS

Defendant asserts the right to a credit for any claims payments that have been made under Plaintiffs SFIP, and/or which might be made during the pendency of this action, but prior to final judgment. In addition, Plaintiffs owe a refund of any amounts of U.S. Treasury funds that Plaintiffs improperly possess, or at the very least, Defendant would be entitled to an offset and credit for any amounts the Plaintiffs are already in possession of that they should not have received.

### TENTH DEFENSE - BINDERS

Federal law expressly invalidates and precludes all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of coverage, such promises are invalid and unenforceable as a matter of federal law.

### ELEVENTH DEFENSE - JURY TRIAL

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

### TWELFTH DEFENSE - EXTRA-CONTRACTUAL CLAIMS

As to Plaintiffs claim under their SFIP, all state law based extra-contractual claims are preempted and barred by federal constitutional, regulatory, and statutory law. In addition, the States do not have the right or authority to regulate the U.S. Government's flood insurance program operated and funded with U.S. Treasury Funds. See the

McCarren-Ferguson Act, 15 U.S.C. §1011 *et seq.*, specifically 15 U.S.C. §1012(b). See also Article IX of the SFIP. Accordingly, Defendant requests that this Court dismiss Plaintiffs' claims for extra-contractual state-law-based remedies to the extent it regards Plaintiffs' SFIP, as said claims fail to state a claim upon which relief may be granted. Further, because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for prejudgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

### THIRTEENTH DEFENSE - GOVERNANCE OF FEMA GUIDELINES

USAA GIC is a signatory to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*), and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under USAA GIC's logo. USAA GIC agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration ("FIA") and FEMA." USAA GIC does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The Federal Insurance Administration is the sole authority. See e.g., Pt 61, App. A(1), Art. VII, Section D.

### FOURTEENTH DEFENSE - STRICT COMPLIANCE

Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the Standard Flood Insurance Policy, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties.

## FIFTEENTH DEFENSE - STRICT CONSTRUCTION OF POLICY

USAA GIC avers that "Definitions" set forth in Article II of the SFIP must be strictly construed, interpreted and enforced.

## SIXTEENTH DEFENSE - FEDERAL LAW GOVERNS

The SFIP in question in this lawsuit was written by the United States Government (not this Defendant), pursuant to 42 U.S.C. § 4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(1). As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the SFIP. See also Article IX of the SFIP.

## SEVENTEENTH DEFENSE - SUPREME COURT PRECEDENT

All persons are charged with the knowledge of the published federal laws and what is required of them by such laws. Because the Plaintiffs' SFIP is codified federal law (44 C.F.R. Pt. 61, App. A(1), Plaintiffs are charged with the provisions and the requirements of the flood policy. Accordingly, failure to comply with the provisions of the SFIP and Code of Federal Regulations is solely the responsibility of the Plaintiff. Therefore, Defendant is in no way liable for the actions or inactions taken by the Plaintiffs or their representatives in this matter. *See Federal Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984).

## EIGHTEENTH DEFENSE - LIMITED SCOPE OF COVERAGE

Defendant asserts that Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via executive branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damages caused by "direct physical loss by or from flood," and even this is limited by

various conditions and exclusions. Numerous economic, consequential and incidental damages arising from the flood are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1), including but not limited to Article III(A),(B), (C) and (D).

### NINETEENTH DEFENSE - MITIGATION

Defendant asserts that if any of the Plaintiffs' damages are a result of failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

### TWENTIETH DEFENSE - TIME LIMITATIONS

If Plaintiffs' lawsuit was not filed in federal court within 12 months of the dates of any letter from the Defendant to the Plaintiffs' denying all or part of the Plaintiffs' claim for benefits under the SFIP, then this lawsuit is time-barred. To the extent federal time limitations are not applicable, Defendant asserts all available prescriptive and preemptive statutes and limitation, whether general or specific.

### TWENTY-FIRST DEFENSE - NOT PRINCIPAL DWELLING

Under the Standard Flood Insurance Policy (SFIP), 44 C.F.R. Pt.61, App. A(1), if the insured property was not the principal residence of the insured at the time of loss, it was not occupied by either the insured or the insured's spouse for 80% of the calendar year immediately preceding the loss, the building in question does not qualify for recovery of recoverable depreciation.

11    DEFENDANT USAA GENERAL INDEMNITY
COMPANY'S ANSWER TO COMPLAINT

### TWENTY-SECOND DEFENSE - FEDERAL COMMON LAW CLAIMS

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that Plaintiffs seek any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

### TWENTY-THIRD DEFENSE - LOSS PAYEES

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

### TWENTY-FOURTH DEFENSE - FISCAL AGENT STATUS

By statute, the Defendant, as a WYO carrier, is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

### TWENTY-FIFTH DEFENSE – AGENT IS AGENT FOR INSURED

Given the various federal principles outlined within this Answer, Defendant asserts that not only does the Plaintiffs have no viable claim for relief against this Defendant, but

in addition, Plaintiffs have no viable claim for relief against the agent. However, in the alternative, Defendant asserts that any claim of imputed fault arising under state law for the acts or omissions of the agent, is precluded by federal law. Federal law establishes a line of demarcation separating the WYO carrier from the agent for these purposes. As a matter of federal law, the WYO is the fiscal agent and fiduciary of the United States, while the agent acts for the insured. See 42 U.S.C. §4071(a)(1), 44 C.F.R. §61.5(e), and 44 C.F.R. §62.23(f).

### TWENTY-SIXTH DEFENSE – PREMIUM TENDERED

Defendant may only place a particular dollar amount of flood insurance coverage based on the rating of the Plaintiffs' property and the amount of premium tendered for said requested flood coverage. Should the premium tendered by insufficient to purchase or renew the requested amount of flood insurance coverage, then Defendant is required by the NFIP to reduce the amount of requested coverage on a percentage basis based on the amount of premium tendered versus the amount required to purchase the requested flood insurance coverage.

### TWENTY-SEVENTH DEFENSE - POLICY ISSUANCE

Defendant pleads the provisions of 44 C.F.R. Pt. 62, App. A, Article II(D), Policy Issuance, as a defense thereto.

WHEREFORE Defendant USAA General Indemnity Company prays that this answer and affirmative defenses be deemed sufficient, and that after due proceedings are heard, that there be a judgment in favor of this Defendant and against the Plaintiffs

dismissing all claims for damages, with prejudice and with all costs, fees and expenses associated with this proceeding taxed to the Plaintiffs.

Dated this 13th day of December, 2007.             Respectfully submitted,

                                      /s/
GARY R. GLEASON (SB# 136167)
MARGARET A. BURTON (SB# 193386)
FARBSTEIN & BLACKMAN, APC
411 Borel Avenue, Suite 425
San Mateo, CA 94402-3518
Tel: 650-554-6200; Fax: 650-554-6240
*Local Counsel for Defendant,*
**USAA GENERAL INDEMNITY COMPANY**

GERALD J. NIELSEN (La. S.B. 17078)
MARY ELLEN WYATT (La. S.B. 30805)
NIELSEN LAW FIRM, L.L.C.
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel: 504-837-2500; Fax: 504-832-9165
*Of Counsel for Defendant,*
**USAA GENERAL INDEMNITY COMPANY**