GARY R. GLEASON (SB# 136167)
MARGARET A. BURTON (SB# 193386)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California  94402-3518
Tel: 650-554-6200; Fax: 650-554-6240
*Local Counsel for Defendant,*
USAA GENERAL INDEMNITY COMPANY


GERALD J. NIELSEN (La. S.B. 17078)
MARY ELLEN WYATT (La. S.B. 30805)
NIELSEN LAW FIRM, L.L.C.
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Tel: 504- 837-2500; Fax: 504- 832-9165
*Of Counsel for Defendant,*
USAA GENERAL INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| STEFANIE COOK AND NATHANIEL COOK,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA GENERAL INDEMNITY COMPANY and DOE 1 and DOE 100, inclusive,<br><br>Defendants. | CASE NO. C-07-4042-SC<br><br>JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:  January 11, 2008<br>Time:  10:00 a.m.<br>Courtroom: 1<br><br>Complaint Filed: August 6, 2007 |

COME NOW the parties to this action and file this Joint Initial Case Management Conference Statement pursuant to the Standing Order of this Court:

1. **Jurisdiction and Service:**

Jurisdiction is proper in that this case relates to an insurance claim brought under a Standard Flood Insurance Policy ("SFIP") under the National Flood Insurance Program ("NFIP").  All such claims are subject to exclusive federal jurisdiction. (42 USC 4100 et seq., especially §4072).

1

2. <u>Facts:</u>  *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

This case involves a claim for coverage made in relation to a SFIP issued under the NFIP.  Plaintiffs assert that on or about December 31, 2005 they suffered flood related damages to their property.  Defendant denies the allegations of the complaint, and a dispute exists as to what, if any, benefits are due to Plaintiffs under the SFIP issued to them.

The complaint was filed on August 6, 2007 and served on November 9, 2007. Following a brief extension, Defendant filed an answer on December 13, 2007.

3. <u>Legal Issues:</u>  *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

A)   Is Plaintiff's state law based claim (i.e., "bad faith" claim) pre-empted or otherwise precluded under relevant NFIP statutes, regulations and decisional law?  *Bianchi v. State Farm Fire and Cas. Co.*, 120 F.Supp.2d 837 (N.D.Cal.2000); *Scherz v. South Carolina Insurance Co.*, 112 F.Supp.2d 1000 (C.D.Cal.2000); *Mason v. Witt*, 74 F.Supp.2d 955 (E.D.Cal.1999).

B)   Is Plaintiff entitled to a jury trial?  *Chatmar, Inc. v. Bankers Ins. Co.* Not Reported in F.Supp.2d, 2005 WL 588511 N.D.Cal.,2005. (Cited for cases cited therein.) *Center Glass and Trim Co. v. United States, FEMA*, 637 F.Supp. 209 (S.D.W.Va.1986); *Kolner v. Director, Federal Emergency Management Agency*, 547 F.Supp. 828 (N.D.Ill., E.D.1982).

C)   Is there coverage for the loss under the SFIP for Plaintiffs' loss, or is it precluded for reasons such as lack of coverage, failure to file a timely proof of loss, and/or the loss was caused by something other than direct physical loss from a flood?

D)   If damages exist, how are they to be calculated?

4. <u>Motions:</u>  *All prior and pending motions, their current status, and any anticipated motions.*

This case is at its inception.  No motions have been heard, and none are pending. Defendant expects to file the following pleading-related motions:

1. Motion to Quash Jury Request.

2. Motion to Dismiss State Law Claims.

\\\

1   **5. Amendment of Pleadings:** *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

        No such amendments are planned.

**6. Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

        Other than advice of counsel to each client, no other steps have been taken in this regard, as such advice is sufficient.

**7. Disclosures:** *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

        The parties expect to make their initial disclosures within 20 days. Because it was only recently served, and because of the backlog created by the Hurricane Katrina related flood claims, Defendant does not have the information needed to prepare its initial disclosures. Defendant expects to have this information with in the next two weeks.

**8. Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

        No discovery has been taken to date. The parties expect to propound typical sets of interrogatories and document requests. The deposition of the insureds, the independent adjuster, and Defendant's claims personnel is anticipated. In relation to FRCP 26(f) the parties state:

    1)     The deadline for the initial disclosures should be continued to January 26, 2008.

    2)     The issues covered by discovery include, among other issues: the specific cause of loss; the nature of flood event; the damages associated with flood event; any mitigation taken by plaintiffs; alternatives to proposed remedial measures, and the history of the claim submission.

    3)     At present neither party is aware of any electronic discovery issue.

    4)     At present, neither party is aware of any issues relating to privilege claims.

    5)    At present neither party believes there is a need to alter the FRCP discovery limitations.

**9. Class Actions:** *If a class action, a proposal for how and when the class will be certified.*

    Not Applicable

**10. Related Cases:** *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

    No related cases exist.

**11. Relief:** *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

    The case is at its inception and information about damages is unavailable.

**12. Settlement and ADR:** *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

    It is too early to assess ADR prospects.

    Defendant states that in its experience flood cases often lend themselves to some form of a dispositive motion, and would want the opportunity to do so before proceeding to ADR.

**13. *Consent to Magistrate Judge For All Purposes:*** *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

    Not all parties will stipulate to a Magistrate Judge.

**14. Other References:** *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

    This case does not require referral to a special master, Judicial Panel or Multidistrict Litigation. The parties do not agree to binding arbitration.

1  **15. Narrowing of Issues:** *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Defendant intends to seek dismissal of the state-law bad faith claim. If successful this will leave a breach of contract claim.

**16. Expedited Schedule:** *Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.*

The parties believe the Court's normal scheduling is most appropriate.

**17. Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

At this point the parties believe it is premature to set up the pretrial schedule. The parties believe they will be able to address this issue in 45 - 60 days.

**18. Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has requested a jury, and Defendant will be filing a motion to quash that request. If the case is tried to the court the parties estimate a trial of 3-5 days. If the case is tried to a Jury the parties estimate a trial of 5-7 days.

**19. Disclosure of Non-party Interested Entities or Persons:** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (I) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Defendant filed a Disclosure of Non Interested Entities, and provides the information set forth therein:

ENTITY:    USAA GENERAL INDEMNITY COMPANY

5

JOINT INITIAL CMC STATEMENT

|    |    |    |
|----|----|----|
| INTEREST: | USAA-GIC, a Texas corporation, is not publicly held, and is a wholly owned subsidiary of United Services Automobile Association ("USAA"). United Services Automobile Association is a reciprocal interinsurance exchange that is considered an unincorporated association, and, therefore, a citizen of each state in which USAA has members. Neither USAA-GIC nor USAA has issued any publicly traded stock or public debt. | |

Neither USAA nor any of its subsidiaries or affiliates has any direct financial interest in the interest in the outcome of this litigation, as USAA is appearing herein in its fiduciary capacity as the fiscal agent of the U.S. Government. All risk and expense is borne by the U.S. Treasury by and through Defendant's Arrangement with the Federal Emergency Management Agency ("FEMA"), and all payments made under a Standard Flood Insurance Policy are paid for with U.S. Treasury funds and not the direct funds of USAA. The NFIP is not a re-insurance program or reimbursement program. USAA-GIC knows of no other business entities with a financial interest in the outcome of this litigation.

ENTITY:  U.S. TREASURY/ NATIONAL INSURANCE FUND (Administered by FEDERAL EMERGENCY MANAGEMENT AGENCY ("FEMA")

R. David Paulison
Administrator
FEMA Mitigation Division
Washington, DC

INTEREST: The federal government underwrites the National Flood Insurance Program policies. Claims and the cost of defending claims are paid out of the National Flood Insurance Fund of the U.S. Treasury or paid out of a line of credit issued by the U.S. Treasury.

This list included the parties that the undersigned counsel is familiar with and does not include information on parties counsel does not represent.

\\\
\\\
\\\
\\\
\\\

JOINT INITIAL CMC STATEMENT

**20. Other:** *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

    Not applicable.

DATED: January 4, 2008                       Respectfully submitted,

_____/s/_____
GARY R. GLEASON (SB# 136167)
MARGARET A. BURTON (SB# 193386)
FARBSTEIN & BLACKMAN, APC
*Local Counsel for Defendant,*
**USAA GENERAL INDEMNITY COMPANY**

GERALD J. NIELSEN (La. S.B. 17078)
MARY ELLEN WYATT (La. S.B. 30805)
NIELSEN LAW FIRM, L.L.C.
*Of Counsel for Defendant,*
**USAA GENERAL INDEMNITY COMPANY**

DATED: January 4, 2008                       _____/s/_____
LAWRENCE ARTHUR MANN
RAY FRANCIS BOURHIS
BOURHIS & MANN
*Counsel for Plaintiffs*
**STEFANIE COOK and NATHANIEL COOK**