# EXHIBIT 12

DECL OF GARY R. GLEASON IN
SUPP. OF DEF.'S MTN TO DISMISS
STATE LAW CLAIMS

No. 97-5098

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

RE VAN HOLT AND JO VAN HOLT,

Plaintiffs-Appellants,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY AND LIBERTY MUTUAL GROUP,

Defendant-Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

BRIEF FOR THE UNITED STATES AS AMICUS CURIAE
SUPPORTING REHEARING AND SUGGESTING REHEARING IN BANC

---

FRANK W. HUNGER
Assistant Attorney General

FAITH S. HOCHBERG
United States Attorney

OF COUNSEL:

BRENDA G. GORANFLO                    WILLIAM KANTER   (202) 514-4575
Associate General Counsel             MARC RICHMAN     (202) 514-5735
                                      Attorneys, Appellate Staff
JORDAN S. FRIED                       Civil Division  Rm 9147
Attorney                              Department of Justice
Federal Emergency                     601 D Street, N.W.
Management Agency                      Washington, D.C.  20530-0001

---

3



TABLE OF CONTENTS

Page

RULE 35.1 STATEMENT REGARDING REHEARING IN BANC . . . . . . . v

INTEREST OF THE UNITED STATES . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . 2

    1.  Statutory Scheme . . . . . . . . . . . . . . . 2

    2.  Panel Decision . . . . . . . . . . . . . . . . 6

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 8

    THE DISTRICT COURT HAD EXCLUSIVE JURISDICTION
    OVER PLAINTIFFS' COMPLAINTS ABOUT THE
    INVESTIGATION AND ADJUSTMENT OF THEIR CLAIM . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . 16

ADDENDUM . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Van Holt v. Liberty Mutual Fire Insurance Company,
      No. 97-5098 (3d Cir. May 11, 1998) . . . . . . . . . 1a
    Kennedy v. CNA Insurance Company, No. 97-5536
      (3d Cir. May 29, 1998) . . . . . . . . . . . . . . . 7a
    42 U.S.C. 4019 . . . . . . . . . . . . . . . . . . . 13a
    42 U.S.C. 4053 . . . . . . . . . . . . . . . . . . . 13a
    42 U.S.C. 4072 . . . . . . . . . . . . . . . . . . . 14a
    44 C.F.R. Pt. 61, App (a)(1), Art. 9(r) . . . . . . . 14a
    44 C.F.R. 62.23(i)(6) . . . . . . . . . . . . . . . . 14a

TABLE OF AUTHORITIES

<u>Cases</u>:

<u>Allis-Chalmers Corp.</u> v. <u>Lueck</u>, 471 U.S. 202 (1985) . . . . 11

<u>Amoco Prod. Co.</u> v. <u>Hodel</u>, 815 F.2d 352 (5th Cir.
1987), <u>cert. denied</u>, 487 U.S. 1234 (1988) . . . . . . . . 11

<u>Atlas Pallet, Inc.</u> v. <u>Gallagher</u>, 725 F.2d 131
(1st Cir. 1984) . . . . . . . . . . . . . . . . . . . . 10

<u>Berger</u> v. <u>Pierce</u>, 933 F.2d 393 (6th Cir. 1991) . . . . . . 10

<u>Brazil</u> v. <u>Giuffrida</u>, 763 F.2d 1072 (9th Cir. 1985) . . . . 10

<u>Caterpillar, Inc.</u> v. <u>Williams</u>, 482 U.S. 386
(1987) . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>Federal Crop Insurance Corp.</u> v. <u>Merrill</u>, 332 U.S.
380 (1947) . . . . . . . . . . . . . . . . . . . . . . 13

<u>Forman</u> v. <u>FEMA</u>, 138 F.3d 543 (5th Cir. 1998) . . . . . . . 13

<u>Johnson</u> v. <u>Hussmann Corp.</u>, 805 F.2d 795 (8th Cir. 1986) . . 11

<u>Kennedy</u> v. <u>CNA Insurance Company</u>, No. 97-5536
(3d Cir. May 29, 1998) . . . . . . . . . . . . . . . . . . . . v-vi

<u>Lee, In re Estate of</u>, 812 F.2d 253 (5th Cir. 1987) . . . 3, 5

<u>McCulloch</u> v. <u>Maryland</u>, 17 U.S. (4 Wheat.) 316
(1819) . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>Metropolitan Life Insurance Co.</u> v. <u>Taylor</u>, 481
U.S. 58 (1987) . . . . . . . . . . . . . . . . . . . . 14

<u>Nelson</u> v. <u>Becton</u>, 929 F.2d 1287 (8th Cir. 1991) . . . . 10, 13

<u>Pilot Life Ins. Co.</u> v. <u>Dedeaux</u>, 481 U.S. 41 (1987) . . . . 11

<u>Possessky</u> v. <u>National Flood Insurers Association</u>,
507 F. Supp. 913 (D. N.J. 1981) . . . . . . . . . . . . 12

<u>Sodowski</u> v. <u>NFIP</u>, 834 F.2d 653 (7th Cir..,
   <u>cert</u>. <u>denied</u>, 486 U.S. 1043 (1987) . . . . . . . . . 3, 10

<u>Spence</u> v. <u>Omaha Indemnity Insurance Company</u>, 996
   F.2d 793 (5th Cir. 1993) . . . . . . . . . . . . . 5, 9, 14

<u>Webb</u> v. <u>Aetna Insurance Company</u>, 1997 WL 433500,
   (E.D. La. 1997) . . . . . . . . . . . . . . . . . . . 6

<u>West</u> v. <u>Harris</u>, 573 F.2d 873 (5th Cir. 1978),
   <u>cert</u>. <u>denied</u>, 440 U.S. 946 (1979) . . . . 3, 9-10, 12, 14

<u>Statutes</u>:

Flood Insurance Act (1968):

      42 U.S.C. 4001-4129 . . . . . . . . . . . . . . . . . 2
      42 U.S.C. 4011(c)(1) . . . . . . . . . . . . . . . . 3
      42 U.S.C. 4011(c)(2) . . . . . . . . . . . . . . . . 4

      42 U.S.C. 4015 . . . . . . . . . . . . . . . . . . . 5
      42 U.S.C. 4017 . . . . . . . . . . . . . . . . . . . 3
      42 U.S.C. 4017(d) . . . . . . . . . . . . . . . . . 5

      42 U.S.C. 4019 . . . . . . . . . . . . . . . . 4, 8, 9
      42 U.S.C. 4071 . . . . . . . . . . . . . . . . . . . 3
      42 U.S.C. 4071(a) . . . . . . . . . . . . . . . . . 3

      42 U.S.C. 4071(a)(1) . . . . . . . . . . . . . . . . 3
      42 U.S.C. 4072 . . . . . . . . . . . . . . . . . <u>passim</u>
      42 U.S.C. 4053 . . . . . . . . . . . . . . . . 6, 7, 10

      42 U.S.C. 4081 . . . . . . . . . . . . . . . . . . . 4
      42 U.S.C. 4081(a) . . . . . . . . . . . . . . . . . 3

28 U.S.C. 1331 . . . . . . . . . . . . . . v, 1, 7, 12, 14, 15
28 U.S.C. 1653 . . . . . . . . . . . . . . . . . . . . . . 7

Pub. L. No. 98-181, Title IV, S 451(d) (5), Nov. 30,
   1983, 97 Stat. 1229 . . . . . . . . . . . . . . . . . 6

Regulations:

44 C.F.R. 61.4(b) . . . . . . . . . . . . . . . . . . . . 4
44 C.F.R. 61.13(d) . . . . . . . . . . . . . . . . . . . 4

44 C.F.R. 61.13(e) . . . . . . . . . . . . . . . . . . . 4
44 C.F.R. 61.13(f) . . . . . . . . . . . . . . . . . . 4, 6

44 C.F.R. 61.14(b) . . . . . . . . . . . . . . . . . . . 13
44 C.F.R. Pt. 61, App. A(1), Art. 9 . . . . . . v, 5, 6, 7, 14

44 C.F.R. 62.23(a) . . . . . . . . . . . . . . . . . . . 4
44 C.F.R. 62.23(c) . . . . . . . . . . . . . . . . . . . 4

44 C.F.R. 42.24 . . . . . . . . . . . . . . . . . . . . 4
44 C.F.R. 62.23(d) . . . . . . . . . . . . . . . . . . 4, 5

44 C.F.R. 62.23(g) . . . . . . . . . . . . . . . . . . . 4
44 C.F.R. 62.23(i)(1) . . . . . . . . . . . . . . . . . . 4

44 C.F.R. 62.23(i)(6) . . . . . . . . . . . . . . v, 4, 6, 11

44 C.F.R. Pt 62, App. A, Art. III . . . . . . . . . . . . 5
44 C.F.R. Pt 62, App. A, Art. IV . . . . . . . . . . . . 5

44 C.F.R. Pt 62, App. A, Art. VII . . . . . . . . . . . . 5

Miscellaneous:

FEMA, Agency Report on Federal Insurance
Administration's Fiscal Year 1996 Financial
Statements, April 1997 . . . . . . . . . . . . . . . . . 5

RULE 35.1 STATEMENT REGARDING REHEARING IN BANC

I express a belief, based on a reasoned and studied professional judgment, that this appeal involves a question of exceptional importance, i.e., whether the Panel erred in holding that federal subject matter jurisdiction was lacking under 42 U.S.C. 4072 (and, implicitly, under 28 U.S.C. 1331) over this action challenging, as violative of State law, the investigation and adjustment of a claim under a federal flood insurance policy issued by Liberty Mutual, a Write-Your-Own company issuing policies as a FEMA's statutorily designated fiscal agent, where Congress has vested administration of the program and claims adjustment in FEMA, thereby preempting claims such as this, and has provided that district court jurisdiction is "exclusive," and where the company was by federal regulation required to be substituted in the policy for FEMA and to defend claims for FEMA, 44 C.F.R. Pt. 61, App. A(1), Art. (9)(R); 44 C.F.R. 62.23(i)(6).

I also express a belief, based on a reasoned and studied professional judgment, that the Panel decision is contrary to the following not-for-publication decision of the United States Court of Appeals for the Third Circuit: Kennedy v. CNA Ins. Co., No. 97-5536 (May 29, 1998). I recognize that the Court considers nonpublished opinions not to bind the Court, IOP 5.8. Nonethe-

less, Kennedy correctly states that the district court had jurisdiction, under 42 U.S.C. 4072, over a Write-Your-Own case even though FEMA was not a party (slip op. 2), and the decision represents the considered views of three judges of this Court who correctly held that State law principles cannot apply to the adjustment of a claim made under a Write-Your-Own federal flood insurance policy (slip op. 3-7). For the Court's convenience, the Kennedy opinion is attached hereto (infra, 7a).


_____
MARC RICHMAN

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

No. 97-5098

_____

RE VAN HOLT AND JO VAN HOLT,

Plaintiffs-Appellants,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY AND LIBERTY MUTUAL GROUP,

Defendant-Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

BRIEF FOR THE UNITED STATES AS AMICUS CURIAE
SUPPORTING REHEARING AND SUGGESTING REHEARING IN BANC

_____

## INTEREST OF THE UNITED STATES

The Panel's erroneous decision raises grave concerns about administration of the National Flood Insurance Program:  The United States considers it essential, and congressionally mandated, that all lawsuits predicated on the Flood Insurance Act and involving the investigation or adjustment of claims under policies issued under the Act since 1978, either by FEMA itself or by Write-Your-Own ("WYO") companies, be brought in federal district court under 42 U.S.C. 4072 (or 28 U.S.C. 1331).  This is required because the program is an operation of the federal government, administered by FEMA, and subsidized by federal taxpayers--with all payments made with federal funds.  Therefore litigation implicating operation of the program must be restricted to federal courts, as Congress intended when it directed in §4072 that federal jurisdiction be "exclusive."

The United States has a significant interest in how operation of the program is dealt with in the courts, because the terms of the Standard Flood Insurance Policy ("SFIP") are fixed by FEMA regulation on a nationwide basis; because Congress has vested FEMA with the authority to establish the way claims are to be proved, adjusted, and paid; and because the claims investigation and adjustment process is and must be governed by uniform federal law.  The United States thus has a compelling interest in

assuring that State regulators and State courts do not--directly

or indirectly, by construction of policies or scrutinizing the

investigation and adjustment of claims, or by threatening to do

so--undermine operation of this federal program.

It is also critical that flood insurance policies issued by

the WYO companies be administered and treated by the courts in

identical fashion to those issued directly by FEMA, to protect

taxpayer funds, and to ensure the economic feasibility of program

operation with WYO participation.  The stakes are enormous:

Almost 4 million federal flood insurance policies are in effect,

with a total exposure to the federal fisc of about $440 billion.

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

Whether the Panel erred in holding that federal subject

matter jurisdiction was lacking over this action challenging, as

violative of State law, the investigation and adjustment, by a

"fiscal agent of the United States" acting under the supervision

of FEMA, of a claim made under an insurance policy issued under

the Flood Insurance Act of 1968.

STATEMENT OF THE CASE

1. <u>Statutory Scheme</u>.  In the Flood Insurance Act of 1968, 42

U.S.C. 4001-4129, Congress established the National Flood Insur-

ance Program to provide coverage at or below actuarial rates,

2

because private insurance companies were unable to economically underwrite such much-needed policies. Before 1978, the program was run by a pool of private insurance companies that shared the underwriting risks, with federal financial participation. See West v. Harris, 573 F.2d 873, 875 n.1, 882 (5th Cir. 1978), cert. denied, 440 U.S. 946 (1979); §4011(c)(1). But in 1978, the federal government took control of the program and assumed all operational responsibilities. In re Estate of Lee, 812 F.2d 253, 256 (5th Cir. 1987); Sodowski v. NFIP, 834 F.2d 653, 657 (7th Cir.), cert. denied, 486 U.S. 1043 (1987). The program is now operated by FEMA under Part B of the Act. §§4071, 4072. The insurance is subsidized by the federal government, and is operated financially through the National Flood Insurance Fund established by FEMA in the U.S. Treasury. §4017.

Under Part B, FEMA "carr[ies] out the program of flood insurance authorized under [the Act] through the facilities of the Federal Government." §4071(a). In so doing, it may use federal employees and/or private insurance companies "as fiscal agents of the United States." §4071(a)(1). Lee, 812 F.2d at 256. FEMA is also authorized to enter into any necessary "contracts, agreements, or other appropriate arrangements." §4081(a). FEMA has done so, and thus flood insurance policies

3

can be issued by FEMA directly and by "Write Your Own" ("WYO") companies like Liberty Mutual, §4081; 44 C.F.R. 61.13(f); 62.23, with more than 90% of the policies written by WYO companies.

The WYO companies are federal "fiscal agents," but not general agents, and FEMA has directed them to issue, market, and administer policies in their own names. 44 C.F.R. 61.13(f), 62.23(a), (g). The companies are dealing with government money: FEMA uses the insurance companies on an "other than a risk-sharing basis," §4011(c)(2); so it is the government, and not the WYO companies, that pays the claims. §4072.

The terms and conditions of all federal flood policies have been fixed by FEMA regulation as a Standard Flood Insurance Policy ("SFIP"), the provisions of which may not be varied or waived except by the express written consent of the Federal Insurance Administrator. 44 C.F.R. 61.4(b), 61.13(d), (e), 62.23(c), (d). Under 42 U.S.C. 4019, FEMA is authorized "to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid * * * ." WYO claim adjustments are binding on FEMA. 44 C.F.R. 62.23(i)(1). And to allow the WYOs the breathing space needed to operate effectively, FEMA will reimburse for extra-contractual judgments for acts that are not "significantly"

4

outside the scope of the contract arrangement with FEMA. 44

C.F.R. Part 62, App. A, Art. III, ¶¶D(2), (4).

Premiums collected by the WYO companies are, after deducting

fees and costs, deposited in the National Flood Insurance Fund in

the Treasury. 42 U.S.C. 4017(d). Premiums are federal funds

from the moment they are collected. 44 C.F.R. Pt. 62, App. A,

Art. VII, B (WYO must remit to Treasury "all funds, including

interest, not required to meet current expenditures" [currently

limited to $5,000]). The Treasury also provides from appropria-

ted funds any needed loans, which are paid into this account.

§4016. On March 31, 1997, the program had on loan from the Trea-

sury $818 million, with authority to borrow up to $1.5 billion.

See FEMA, Agency Report on Federal Insurance Administration's

Fiscal Year 1996 Financial Statements, April 1997, at 15.

Money to pay claims is drawn directly from the Treasury via

letters of credit. 44 C.F.R. Pt. 62, App. A, Art. IV. Compare

Panel Op., infra, 2a-3a (indicating incorrectly that FEMA is a

mere guarantor and reinsurer). Payments, whether on policies

written by FEMA directly or by WYO companies, are thus paid from

U.S. Treasury funds. Lee, 812 F.2d at 256; Spence v. Omaha

Indemnity Ins. Co., 996 F.2d 793, 795 n.12 (5th Cir. 1993).

Compare, Panel Op., infra, 3a (suggesting incorrectly the funds used to pay claims do not belong to the United States).

Title 42 U.S.C. 4072 authorizes suit against the FEMA Director upon the disallowance of a claim, but the Director has by regulation directed that the WYO companies be substituted for FEMA in WYO-issued policies and that the companies be sued in his stead. 44 C.F.R. 61.13(f), 62.23(d), (i)(6); SFIP Art. 9(R), 44 C.F.R. Pt. 61, App. A(1). "[T]he responsibility for defending claims will be upon the Write Your Own Company and defense costs will be part of the * * * claim expense allowance * * * ." 44 C.F.R. 62.23(i)(6). See Webb v. Aetna Insurance Company, 1997 WL 433500, at *3 (E.D. La. 1997). In SFIP language prescribed by regulation, WYO policy holders are directed to file any lawsuits against the WYO companies. 44 C.F.R. Pt. 61, App. A(1), Art. (9)(R). In 1983, to resolve existing confusion, Congress amended §4072 by adding the words "original exclusive" to modify the "jurisdiction" vested in district courts in the 1968 act. Pub.L. No. 98-181, Title IV, §451(d)(5), Nov. 30, 1983, 97 Stat. 1229.

2. Panel Decision. The Panel (Op. infra, 4a), acting sua sponte, first found jurisdiction lacking under 42 U.S.C. 4053[1]:

---

[1] We agree jurisdiction is lacking under §4053, but for a
(continued...)

6

It is apparent from the plain language of § 4053, that it provides subject-matter jurisdiction only for a coverage, or breach of contract, cause of action based on a denial of an insurance claim and not for state-law torts which arise out of the claims investigation and adjustment procedure executed by the insurance company.

In addition, the policy provision requiring that lawsuits be filed in U.S. District Court, 44 C.F.R. Pt. 61, App. A(1), Art. (9)(R), was held not to modify the statutory language: "The clause narrowly provides that suit must be in federal court if the suit seeks to recover money 'under this policy' and makes no mention of other causes of action or implies that they would be covered" (Op., _infra_, 5a).

The Panel also held (_infra_, 6a n.5), that "Section 4072 does not permit jurisdiction because it allows suit only against FEMA[,] which is not a party to this action."

SUMMARY OF ARGUMENT

The Panel erroneously held that, because FEMA was not a party, subject matter jurisdiction was lacking under §4072. But this action claims violation of State law in the investigation

_____

[1](...continued)

different reason: §4053, by its terms, applies only when the program is operated by a pool of private insurers, which has not been the case since 1978. (Plaintiffs invoked only §4053. The Court could, however, allow plaintiffs to amend their complaint to assert §4072, or 28 U.S.C. 1331. See 28 U.S.C. 1653.)

7

and adjustment of a claim under a Federal Flood Act policy, issued by a WYO company acting as a federal fiscal agent issuing policies for FEMA. A federal insurance program is not subject to State law. FEMA operates the program by writing some policies itself, but over 90% are written by the WYO companies acting under FEMA's supervision. Section 4019 gives FEMA the authority to establish the uniform method for adjustment and payment of claims for losses covered by these policies. FEMA has done so, and has authorized the WYO companies to be sued in FEMA's stead in district court, when insured are dissatisfied with adjustment of claims. There is no role in such cases for State regulators or State courts. The essence of the complaint here is based on execution of the federal insurance contract, and artful pleading cannot transmogrify this federal contract case into a State tort case. State law is preempted as a matter of law and contract.

Congress provided for "exclusive" district court jurisdiction, yet the decision here would allow States and State courts to regulate indirectly, through their consumer protection laws, the investigation and adjustment of federal flood insurance claims under this federal program. This could wreak havoc on the program and cost the Treasury millions of dollars. Under the Panel's reasoning, the 50 States would become co-administrators

8

of the program along with FEMA, a result Congress plainly did not

intend when it enacted §4019 vesting such administrative power in

FEMA, and when it specifically amended §4072 to make federal

jurisdiction exclusive. The United States therefore urges

rehearing and suggests rehearing in banc.

ARGUMENT

THE DISTRICT COURT HAD EXCLUSIVE JURISDICTION
OVER PLAINTIFFS' COMPLAINTS ABOUT THE
INVESTIGATION AND ADJUSTMENT OF THEIR CLAIM

A. The Panel recognized (infra, 1a) that this case is

"predicated on the National Flood Insurance Act" and involves

"investigation and adjustment of a claim under a policy issued

* * * pursuant to the [Act]." But it erred in holding that fed-

eral jurisdiction over such a case was not exclusive and that

such claims could be brought in State court under State law. A

proper understanding of the Flood Act establishes that such cases

must be brought in federal court, Spence, 996 F.2d at 794-795,

and, as the Fifth Circuit recognized in West, 573 F.2d at 800,

881-882, federal law applies[2]:

Congress has undertaken to regulate the claims adjustment
process and judicial review thereof, and nowhere in these

---

[2] This was true in West under the law governing operation of
the program by a pool of private companies, 573 F.2d at 875 n.1,
and is a fortiori true now that the program is operated by FEMA.

statutory sections or in the regulations implementing
them is there any mention of use of the statutory law of
the forum state on any issue [citations omitted].

\*          \*          \*          \*          \*

Congress has undertaken to establish a comprehensive
flood insurance program under the control of [FEMA] to
achieve policies national in scope, and the interest in
uniformity of decisions compels the application of
federal law \* \* \* .

See also, Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991);

Nelson v. Becton, 929 F.2d 1287, 1291 (8th Cir. 1991); Sodowski,

834 F.2d at 655; Brazil v. Giuffrida, 763 F.2d 1072, 1075 (9th

Cir. 1985); Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131, 135

(1st Cir. 1984).

Once the issue is properly viewed in the context of the

statutory and regulatory scheme, it becomes clear that a lawsuit

challenging investigation and adjustment of a claim under a poli-

cy is undoubtedly an action "on [a] claim[]" within the meaning

of §4072. The Panel's cramped construction of that phrase is

incorrect. After all, this case was "predicated on" the Act and

involved "investigation and adjustment of a claim under a policy"

(Op., infra, 1a). The State tort claims turn on Liberty Mutual's

actions on the claims made under the policy, actions controlled

by FEMA regulations and taken by Liberty Mutual acting as FEMA's

"fiscal agent" in enforcing the policy and determining whether to



pay out federal money.  Federal jurisdiction cannot be defeated

by artful pleading; the substance of the claim controls.  See,

e.g., <u>Allis-Chalmers Corp.</u> v. <u>Lueck</u>, 471 U.S. 202, 213-219

(1985); <u>Pilot Life Ins. Co.</u> v. <u>Dedeaux</u>, 481 U.S. 41, 52-57

(1987); <u>Johnson</u> v. <u>Hussmann Corp.</u>, 805 F.2d 795, 797 (8th Cir.

1986); <u>Amoco Prod. Co.</u> v. <u>Hodel</u>, 815 F.2d 352, 361 (5th Cir.

1987), <u>cert. denied</u>, 487 U.S. 1234 (1988).  The substance of

these claims is contractual, and absent a contractual obligation

to pay under the policy, there could be no State right of re-

covery.  And, if federal law prohibits payment under a policy,

State law could not mandate payment under the guise of a tort

judgment.  Thus, Congress certainly would have considered this

case to be "an action on [a] claim[]" under §4072.

     B.  Of course, it is true that the language of §4072 author-

ize suits against FEMA, not the WYO companies.  But FEMA has by

regulation directed that the WYO companies be substituted in the

policies for FEMA, and that they be sued in its stead:  "[T]he

responsibility for defending claims will be upon the Write Your

Own Company and defense costs will be part of the * * * claim

expense allowance * * * ."  44 C.F.R. 62.23(i)(6).  This is not a

matter of parties conferring subject matter jurisdiction on the

courts (see Op., <u>infra</u>, 5a); Congress already did that in §4072

(not to mention 28 U.S.C. 1331). Rather, it is a matter of FEMA authorizing the WYO companies, FEMA's statutory fiscal agents in carrying out this FEMA operated program, to satisfy the requirements of personal jurisdiction by having them substituted for FEMA in the policy and as the party defendant in district court litigation. Moreover, federal district courts already have general subject matter jurisdiction, without regard to the amount in controversy, over cases arising under federal laws, 28 U.S.C. 1331, which would include Flood Act cases.

C. In 1983, Congress added "exclusive" to define the "jurisdiction" vested in district courts by the 1968 Act. It is not surprising that federal jurisdiction would be exclusive, because the need for national uniformity is obvious. See West, 573 F.2d at 881. When claims turn on administration of an SFIP, there is no room for State consumer protection laws to operate, and so the Panel's concern (Op., infra, 5a) about federal courts applying State law do not arise.[3] Payments made under policies come from government funds, and the investigation and adjustment of claims

---

[3] The 1968 legislative history of §4053 (see Op., infra, 4a) refers to "remedies in State courts," but that phrase has no present significance since the 1983 amendment made district court jurisdiction "exclusive." Anyway, the legislative history of §4072 contains no such language. See Possessky v. National Flood Insurers Ass'n, 507 F.Supp. 913, 915 (D. N.J. 1981).

are regulated by FEMA under procedures designed to effecutate the policies and to protect the federal fisc. Allowing State law to modify those procedures would undermine the program; and exposing WYOs to damages, including punitive, could encourage the granting of claims that should be denied, causing losses to the U.S. Treasury. For example, federal law mandates strict enforcement of an insured's obligations under federal insurance policies, see, Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947); Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998), but State law may require what a State regulator or court considers "reasonable" construction. See Nelson, 929 F.2d at 1290-91 (refusing to apply State law of "reasonable expectations"). When plaintiffs had a complaint about purported delay in processing their claim, they went not to FEMA, as they should have, see 44 C.F.R. 61.14(b), but to State insurance regulators (Op., at 1a-2a). Allowing State regulators to breathe down the necks of the WYO companies, as happened here, would make the 50 States co-administrators of the program along with FEMA, a result Congress plainly did not intend. It would also deprive the program of the national uniformity Congress did intend, and make a hodgepodge of the program, undermining the federal mission.

13

Where claims are predicated on the Flood Act and turn on administration or adjustment under the policy, State regulation and remedies are preempted. West, 573 F.2d at 880-881; cf., McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 435 (1819).[4] Thus, as in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 67 (1987), "this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress." See also, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-394 (1987). The SFIP provides it "is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 * * * and Federal common law." 44 C.F.R. Pt. 61, App. A (2), Art. 9. Jurisdiction over these claims was therefore "exclusive" under §4072 or §1331 and governed exclusively by federal law.

D. Yet another reason exists why State law cannot apply: About 10% of the flood policies are written directly by FEMA, and it is essential to the public fisc and to the program's uniformity that FEMA-written policies and WYO-written policies be administered in exactly the same way. FEMA could not be sued in

---

[4] That is not to say the States necessarily can play no role in the separate matter of the marketing of flood policies, which was at issue in Spence, 996 F.2d at 797. Thus, the Court need not go into conflict with Spence to resolve this case.

State court or subjected to State regulators, and it is necessary that WYO companies enjoy the same protection.

In sum, plaintiffs cannot forego their right to sue under the insurance policy and seek relief under State law, for that would undermine the federal program. Therefore, a claim that can be raised in federal court under the policy must be raised in federal court under the policy, because State remedies are preempted.

## CONCLUSION

It is therefore respectfully submitted that the Court should grant rehearing or rehearing in banc and sustain jurisdiction under §4072 (or 28 U.S.C. 1331). The Court should then affirm the grant of summary judgment, but on the ground that plaintiffs' State law remedies have been preempted by federal law.

FRANK W. HUNGER
Assistant Attorney General

FAITH S. HOCHBERG
United States Attorney

OF COUNSEL:

BRENDA G. GORANFLO
Associate General Counsel

JORDAN S. FRIED
Federal Emergency
   Management Agency

JUNE 1998

WILLIAM KANTER   (202) 514-4575
MARC RICHMAN   (202) 514-5735
Attorneys, Appellate Staff
Civil Division, Rm. 9147
Department of Justice
601 D Street, N.W.
Washington, D.C. 20530-0001

15

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing brief were filed with the Clerk by FedEx and that two copies of the foregoing Brief were served by overnight Express Mail this 24th day of June, 1998, to each of the following counsel:

James F. Villere, Jr., Esquire
Blumenstyk and Villere
Fourth Floor
18 Bank Street - P.O. Box 2285
Morristown, NJ   07692-2285

Eli L. Eytan, Esquire
Law Offices of Mauro C. Casci
739 Leonardville Rd.
P.O. Box 90
Leonardo, NJ   07737

Gerald J. Nielsen, Esquire
Neilsen Law Firm
The Pelican Building
Suite 200
2121 Airline Drive
Metairie, LA   70001

MARC RICHMAN
Attorney

16

A D D E N D U M

Van Holt v. Liberty Mutual Fire Insurance Company,
    No. 97-5098 (3d Cir. May 11, 1998) . . . . . . . . . . . . 1a

Kennedy v. CNA Insurance Company, No. 97-5536
    (3d Cir. May 29, 1998) . . . . . . . . . . . . . . . . . . 7a

42 U.S.C. 4019 . . . . . . . . . . . . . . . . . . . . . . . 13a

42 U.S.C. 4053 . . . . . . . . . . . . . . . . . . . . . . . 13a

42 U.S.C. 4072 . . . . . . . . . . . . . . . . . . . . . . . 14a

44 C.F.R. Pt. 61, App (a)(1), Art. 9(r) . . . . . . . . . . 14a

44 C.F.R. 62.23(i)(6) . . . . . . . . . . . . . . . . . . . 14a

--- F.3d ----
(Cite as: 1998 WL 231038 (3rd Cir.(N.J.)))

Page 1

Re VAN HOLT Jo Van Holt, Appellants,
v.
**LIBERTY MUTUAL FIRE INSURANCE
COMPANY, Liberty Mutual Group**

No. 97-5098.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a)
Jan. 23, 1998.

Decided May 11, 1998.

Appeal from the United States District Court
For the District of New Jersey D.C. No.: 95-cv-
06432

James F. Villere, Jr., Blumenstyk & Villere,
Morristown, NJ, for Appellant.

Eli L. Eytan, Law Offices of Mauro C. Casci,
Leonardo, NJ, for Appellee.

Before: SLOVITER, LEWIS, and ROSENN,
Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

*1 This appeal presents this Court with an
important question of first impression
pertaining to federal subjectmatter
jurisdiction over a complaint by an insured
predicated on the National Flood Insurance
Act of 1968 ("NFIA") but actually sounding in
tort. The plaintiffs' complaint alleges that
Liberty Mutual Fire Insurance Company
("Liberty Mutual"), a private insurer, violated
New Jersey state law during its investigation
and adjustment of a claim under a policy
issued by it pursuant to the NFIA. The
plaintiffs do not allege diversity of citizenship
but assert exclusive federal jurisdiction under
the NFIA. Although the parties and the
United States District Court for the District of
New Jersey did not address this issue, we have
an independent duty to determine whether the
district court had subject-matter jurisdiction.
We vacate the district court's judgment in

favor of Liberty Mutual and remand the case
with instructions to dismiss the complaint.
[FN*]

I.

The plaintiffs, Re and Jo Van Holt, own a
home in Sea Bright, New Jersey. The town of
Sea Bright is located on a narrow strip of land
bounded by the Shrewsbury River on one side
and the Atlantic Ocean on the other. The Van
Holts' home is located in an area that floods
frequently. In October 1991, Sea Bright was
flooded, resulting in damage to the Van Holts'
home and personal property. In connection
with this flood, the Van Holts filed two claims
with their insurer, the defendant, Liberty
Mutual. Liberty Mutual paid the claims by
check in the Summer of 1992. The Van Holts
received and cashed Liberty Mutual's checks
without objection. On December 11, 1992, the
Van Holts' home and personal property were
again damaged by flooding which resulted
from high winds and rain. The present dispute
between the Van Holts and Liberty Mutual
primarily centers on the damage caused by the
December 11 flood.

The Van Holts held two insurance policies
issued by Liberty Mutual, the first was a
homeowner's policy, the other was a flood
insurance policy issued pursuant to the
National Flood Insurance Program ("NFIP").
See 42 U.S.C. §§ 4001-129 (codification of the
NFIA). The Van Holts made claims on both
policies for the damages resulting from the
December 11 flood. [FN1] They hired their
own claims adjuster, Robert C. Ascher.
Following an inspection of the Van Holts'
home and property, Ascher submitted a list of
damaged property to Kevin Grelle, Liberty
Mutual's claims adjuster. On behalf of Liberty
Mutual, Grelle refused to pay the claimed
damages because the list was incomplete.
According to a letter from Grelle to Ascher
dated June 7, 1993, Grelle rejected Ascher's
list because it did not set forth the values of
the items claimed and the Van Holts had not
signed each page as required by the insurance
policies.

When six months passed without payment of

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works



--- F.3d ----
(Cite as: 1998 WL 231038, *1 (3rd Cir.(N.J.)))

their claims, in June of 1993, the Van Holts, through Ascher, filed a complaint against Liberty Mutual with the New Jersey Department of Insurance. The department forwarded the complaint to Liberty Mutual and requested that the company provide the reasons why the claim was taking so long to evaluate. In response, Grelle stated that he believed that the Van Holts had attempted to defraud Liberty Mutual by inflating the extent of their damages and claiming damage to property that had been destroyed or damaged, not in the December 11 flood, but in the earlier October 1991 flood. In his investigation report, Grelle stated that, among other things, the Van Holts made claims for damage to property stored in the basement of their home which was caused by the October 1991 flood. Liberty Mutual had denied coverage for this damage when it partially paid the October 1991 claim because theflood insurance policy excluded coverage for damage to property stored in the insured's basement. After additional investigation, including an under-oath examination of the Van Holts by Liberty Mutual's attorneys, on June 16, 1995, Liberty Mutual formally denied the Van Holts' claims on the ground that they were fraudulent.

*2 On December 15, 1995, the Van Holts sued Liberty Mutual in the United States District Court for the District of New Jersey. In their complaint, the Van Holts alleged that Liberty Mutual committed two state-law torts and asserted that subject-matter jurisdiction was proper pursuant to 42 U.S.C. § 4053, a provision of the NFIA. [FN2] They cited no other statutory provision. Specifically, the plaintiffs averred that Liberty Mutual's failure to pay their claims and the company's allegation that the claims were fraudulent violated the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 to 56:8-48, and New Jersey common law requiring parties to an insurance contract to act in good faith. See Pickett v. Lloyd's, 131 N.J. 457, 621 A.2d 445, 451-52 (N.J.1993); see also Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 690 A.2d 575, 587 (N.J.1997) (discussing duty of good faith in other contractual contexts). Following discovery, the district court entered summary

judgment for Liberty Mutual. The Van Holts filed a timely notice of appeal. We vacate the district court's December 2, 1996 judgment and remand this case with instructions to dismiss for lack of subjectmatter jurisdiction.

II.

It is undisputed that Liberty Mutual issued theflood insurance policy to the Van Holts pursuant to the NFIP. The NFIP is a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ("FEMA") pursuant to the NFIA and its corresponding regulations. See 44 C.F.R. §§ 59.1-77.2. Congress created the program to, among other things, limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance "available on reasonable terms and conditions" to those in need of it. See 42 U.S.C. § 4001 a(1)-(4).

Initially, under what is referred to as Part A of the NFIA, a pool of private insurance companies issued flood insurance policies and administered the NFIP pursuant to a contract with the United States Department of Housing and Urban Development. See 42 U.S.C. §§ 4051-53; see generally Spence v. Omaha Indem. Ins. Co., 996 F.2d 793, 794 n. 1 (5th Cir.1993) (discussing the initial workings and organization of the program under the Act); Berger v. Pierce, 933 F.2d 393, 394-96 (6th Cir.1991) (same). Under Part A, if a pool company refused to pay a claim under aflood insurance policy, the insured was permitted to sue the pool insurance company "on ... [the] claim" in federal district court regardless of the amount in controversy. See 42 U.S.C. § 4053.

On January 1, 1978, pursuant to 42 U.S.C. § 4071, HUD ended its contractual relationship with the association and assumed greater responsibility for operating the NFIP, although still maintaining the assistance of the private insurance industry. See generally In re Estate of Lee, 812 F.2d 253, 256 (5th

Copr. © West 1998 No Claim to Orig. U.S. Govt Works



— 2a —



--- F.3d ----
(Cite as: 1998 WL 231038, *2 (3rd Cir.(N.J.)))

Page 3

Cir.1987) (discussing HUD takeover of NFIP); National Flood Insurers Ass'n v. Harris, 444 F.Supp. 969 (D.C.1977) (same). This arrangement, which is presently in force, is called Part B. FEMA began administering the NFIP through the Flood Insurance Administration.

*3 In 1983, pursuant to regulatory authority granted by Congress in 42 U.S.C. § 4081(a), FEMA created the "Write Your Own" program. See 44 C.F.R. 62.23-24. Under this program, private insurance companies like Liberty Mutual write their own insurance policies, issue them to those in need of flood insurance, hold premiums from those policies in accounts separate from their other business, and pay necessary claims and refunds out of the segregated accounts. See 44 C.F.R. § 62.23(a); 44 C.F.R. Pt. 62, App. A, Arts. II(E), (D); see also Spence, 996 F.2d at 794 n. 1. FEMA guarantees payment of claims through letters of credit issued on behalf of the private insurance companies which may be tapped in the event that the claims against policies exceed a company's net premium income. See 44 C.F.R. Pt. 62, App. A, Art. IV. FEMA also provides reinsurance. The private insurance companies must use the Standard Flood Insurance Policy ("SFIP"), which is contained in the regulations. See 44 C.F.R. Pt. 61, App. A(1). Under Part B, an insured may sue FEMA if it adjusts a claim and improperly refuses to pay benefits. See 42 U.S.C. § 4072. [FN3]

The parties have not raised any question whether the district court had subject-matter jurisdiction of the Van Holts' complaint and the district court did not consider the matter. It is central to our federal system that, unlike the state courts, the federal courts are courts of limited jurisdiction. "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (citation omitted). Accordingly, a federal court of appeals has a special obligation to satisfy itself of the district court's basis for subject-matter jurisdiction even if the parties are

prepared to concede it. Id.; Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n, 90 F.3d 797, 800 (3d Cir.1996), cert. denied, --- U.S. ---, 117 S.Ct. 947, 136 L.Ed.2d 835 (1997); Lyon v. Whisam, 45 F.3d 758, 759 (3d Cir.1995). Generally, the federal courts have subject-matter jurisdiction of a complaint when it asserts a cause of action arising under some provision of federal law, see 28 U.S.C. § 1331, such as when Congress creates a cause of action within the bounds of Article III of the United States Constitution, or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum, which at the time this case was filed was $50,000. See 28 U.S.C. § 1332 (1995).

In accordance with our duty to raise subject-matter jurisdiction, on March 28, 1998, we requested counsel for the parties to submit supplement briefs on the issue of jurisdiction. In their supplemental brief, the Van Holts argued that subject-matter jurisdiction was proper in the federal court because they sought damages "under" the flood insurance policy and that, in 42 U.S.C. § 4053, Congress granted to the federal courts "exclusive jurisdiction ... over disputes involving flood insurance policies." Liberty Mutual also believes that the district court had subject-matter jurisdiction because the gravamen of the claims related to "the processing and denial of the flood claim." It conceded, however, that "the complaint is problematic as the only counts of the complaint read as consumer fraud and bad faith claims" and acknowledged that the Van Holts' complaint does not contain a claim for "benefits under the flood policy."

*4 In their complaint, the plaintiffs assert that federal subject-matter jurisdiction is proper pursuant to 42 U.S.C. § 4053 and a provision in the Standard Flood Insurance Policy governing the relationship between Liberty Mutual and the Van Holts, which provides:
You may not sue us to recover money under this policy unless you have complied with all of the requirements of the policy. If you do sue, you must start the suit within 12 months



Copr. © West 1998 No Claim to Orig. U.S. Govt. Works



--- F.3d ----
(Cite as: 1998 WL 231038, *4 (3rd Cir.(N.J.)))

from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of the loss.

44 C.F.R. Pt. 61, App. A(1), Art. 9(R) (italics in original).

We first consider the statutory basis for jurisdiction. It is axiomatic that when a court interprets a statute, its sole task is to ascertain the statute's meaning and enforce it according to its terms. United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). When considering such a question, the inquiry must begin with the plain language of the statute itself. Id. at 241; United States v. Schneider, 14 F.3d 876, 879 (3d Cir.1994). That is because the best evidence of congressional intent is the text of the statute. See West Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 98, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1990); Schneider, 14 F.3d at 879. The court, however, must look not only to the particular statutory language, but to the design of the statute as a whole and its objectives and policies. See Crandon v. United States, 494 U.S. 152, 158, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990); Schneider, 14 F.3d at 879.

It is apparent from the plain language of § 4053, that it provides subject- matter jurisdiction only for a coverage, or breach of contract, cause of action based on a denial of an insurance claim and not for state-law torts which arise out of the claims investigation and adjustment procedure executed by the insurance company. Section 4053 provides that an insured may institute a lawsuit on a "claim" on the policy when the claim has been "disallow[ed]." We interpret this language to refer only to suits challenging the failure to pay the insurance "claim." The language makes no explicit or implicit reference to other causes of action that may arise during a claims investigation. Indeed, if claims like the Van Holts' were allowed in federal court it would not be necessary for the insurance

company to first deny coverage. Conceivably, the insurance company could commit statelaw torts even when it pays the claim, by delaying payment or engaging in other misconduct in the adjustment process. Congress could have chosen to use broader language, such as "relating to the insurance policy" or "relating to the claim's investigation or adjustment." It chose not to do so. Thus, we must respect Congress' choice and cannot add language to the statute where none exists.

*5 In their complaint, the Van Holts do not assert a cause of action "on ... [their] claim" under the Liberty Mutual flood insurance policy. As the defendant acknowledges, the Van Holts do not assert that Liberty Mutual's failure to pay the claim was a breach of the flood insurance policy or request that the district court order that Liberty Mutual cover their losses. Instead, the plaintiffs, citing New Jersey state law, claim that Liberty Mutual committed two torts in the course of the investigation and adjustment of their insurance claims and request damages to compensate them for their losses suffered as a result of these torts and to punish Liberty Mutual for committing the torts. [FN4]

Neither the plain language nor the object and policies of the NFIA and its regulations tend to show that Congress intended to provide for subject-matter jurisdiction for statelaw torts arising out of flood insurance polices. See Spence, 996 F.2d at 796. Indeed, the legislative history of § 4053 specifically states that, even though claimants may sue for coverage in federal court, they maintain the right to pursue other "legal remedies in State courts." H.R.Rep. No. 1585, reprinted in 1968 U.S.C.C.A.N. 2873, 3022; see also Possessky v. National Flood Insurers Ass'n, 507 F.Supp. 913, 915 (D.N.J.1981) (quoting House of Representatives report). Also, the present regulations provide for substantial independence of the private Write-Your-Own companies in the adjustment and investigation of claims, see 44 C.F.R. § 62.23(e), do not permit the companies to draw down on the letters of credit for claims of fraud, and that the insurance companies are not agents of the federal government. Spence,

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works




--- F.3d ----
(Cite as: 1998 WL 231038, *5 (3rd Cir.(N.J.)))

996 F.2d at 796 & ns.15-17. [FN5]

Allowing jurisdiction over claims such as the Van Holts' would have far reaching implications for the federal courts and insurance law, implications not intended by Congress. If we found subject-matter jurisdiction, we would have to conclude either that Congress intended federal courts to enforce state- law imposed duties in all flood insurance cases or that Congress intended to create a federal common law regulating insurance company practices when there is no indication that state courts and state legislatures are incapable of carrying out this function. There is no evidence either in the NFIA or the legislative history that Congress intended such a result.

Although it addressed a slightly different issue, we find the reasoning in Spence instructive. In Spence, the plaintiffs brought suit in federal district court alleging that the defendant, an insurance company, breached the flood insurance policy issued to them when it refused to cover their losses and committed torts under Texas state law during the claims adjustment and investigation procedure. The defendant argued that all the claims, including the state-law claims, were barred by the one-year suit limitations period contained in the SFIP. See 44 C.F.R. Pt. 61, App. A(1), Art. VIII(Q). The United States Court of Appeals for the Fifth Circuit rejected the defendant's argument, holding that Texas state law, and not the NFIA, provided the limitations period for the state law torts. The Spence court held that the independence granted insurance companies in claims adjustment, the fact that the companies are not government agents, and that companies may not draw down on letters of credit for fraud claims evidenced that Congress did not intend to federalize statelaw claims in the flood-insurance context. That same reasoning applies here. There is simply no indication that Congress intended to create jurisdiction for any claims other than coverage claims.

*6 As with § 4053, the provision in the insurance policy issued to the Van Holts--the identical one construed by the Spence court--

provides only for a coverage claim. The clause narrowly provides that suit must be in federal court if the suit seeks to recover money "under this policy" and makes no mention of other causes of action or implies that they would be covered. (Emphasis added). Regardless, even if the provision allowed for a right to sue in federal court for causes of actions other than coverage claims, it is insufficient, on its own, to confer federal subject-matter jurisdiction over a complaint. It is well settled that parties cannot confer subject-matter jurisdiction either by agreement or by waiver. See, e.g., Brown v. Francis, 75 F.3d 860, 866 (3d Cir.1996); United Indus. Workers v. Government of Virgin Islands, 987 F.2d 162, 168 (3d Cir.1993) (collecting cases).

Finally, diversity of citizenship does not provide a basis of subject-matter jurisdiction here. The plaintiffs do not allege that the parties are diverse and we have searched the complaint in vain for any allegation of the parties' citizenship or a reference to the diversity statute. The Van Holts contend only that subject-matter jurisdiction is premised on § 4053. It is the plaintiffs' burden to allege a basis for subject-matter jurisdiction. See Fed.R.Civ.P. 8(a)(1). They have failed to do so. Hence, the complaint must be dismissed.

III.

For the foregoing reasons, the district court's December 2, 1996 judgment is vacated. This case will be remanded to the district court with instructions to dismiss for lack of subject-matter jurisdiction. Costs taxed against appellants.

FN* Although Judge Lewis heard argument in this case, he has been unable, however, to clear this written opinion because of illness.

FN1. Because the claims made under the homeowner's policy do not affect the result in this case, we do not discuss them.

FN2. 42 U.S.C. § 4053 provides: The insurance companies and other insurers which form, associate, or otherwise join together in the pool under this part may adjust and pay all claims for proved and


Copr. © West 1998 No Claim to Orig. U.S. Govt Works

WESTLAW

--- F.3d ----
(Cite as: 1998 WL 231038, *6 (3rd Cir.(N.J.)))

approved losses covered by flood insurance in accordance with provisions of this chapter and, upon disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

FN3. Section 4072 provides:
In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

FN4. Liberty Mutual contends that there is federal subject-matter jurisdiction for a claim under state bad-faith law because such a claim is a contract claim. See Pickett, 621 A.2d at 452 (refusing to characterize bad faith claim as having basis in tort or contract law). This argument is unpersuasive because federal law, namely the language of § 4053, determines what claims are permitted in federal court and there is no evidence that Congress intended to incorporate state bad-faith law into § 4053. Cf. Spence, 996 F.2d at 796 (in statute of limitations issues, federal interests in regulation of flood insurance do not require that state law be disregarded when insured asserts state-law torts against insurer).

FN5. Section 4072 does not permit jurisdiction

because it allows suit only against FEMA which is not a party to this action.

END OF DOCUMENT


Copr. © West 1998 No Claim to Orig. U.S. Govt. Works


— 6a —

5-02-1998 10:07AM   FROM █████ █ LA ANZARU 2354332                    P. 2

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 97-5536

_____

WILLIAM KENNEDY; PHYLLIS KENNEDY,
Appellants

v.

CNA INSURANCE COMPANY; AETNA INSURANCE COMPANY; ABRAMS
INSURANCE AGENCY; NATIONAL ASSOCIATES; MICHAEL MCLAUGHLIN;
JOHN DOE(S), I-III, j/s/a; THOMAS HEIST INSURANCE AGENCY, INC.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civ. No. 95-2222)
District Court Judge: Honorable Stanley Brotman

_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 1998

Before: ALITO, RENDELL, and GARTH, Circuit Judges

(Opinion Filed:   MAY 2 9 1998)

_____

MEMORANDUM OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>:

Appellants William and Phyllis Kennedy, appeal from a judgment entered in favor of the defendant, Aetna Insurance Company, holding that their flood insurance claim was barred by their failure to file a proof of loss. We will affirm the decision of the district court.

I.

The Kennedys filed this complaint seeking recovery from losses sustained as a result of a March 4, 1994 flood of their property.[1] In short, appellants seek enforcement of a flood insurance contract issued by the defendant pursuant to the National Flood Insurance Program. 42 U.S.C. §§ 4001 et seq. The district court held that the Kennedys' claim was barred by their failure to file a formal proof of loss within 60 days, that the traditional doctrines of waiver and estoppel were not applicable, and that plaintiffs could not show the "affirmative misconduct" necessary to invoke estoppel against a government agency. Appellants filed a timely appeal of the district court's July 15, 1997 Order granting judgment in favor of the defendant. The district court had jurisdiction pursuant to 42 U.S.C. § 4072. Appellate jurisdiction is founded on 28 U.S.C. § 1291.

---

[1] As both parties stipulated to all facts which form the basis for the complaint, and because these facts are recited by the district court in its opinion, we need not review that history here.

2

6-02-1998  10:08AM    FROM MARK M CATANZARO 2354532                                           P. 2

Appellants make two arguments on appeal: first, that the district court erred in finding that Aetna's conduct regarding the proof of loss should be governed by the estoppel standard applicable to governmental agencies rather than the less stringent standard of waiver applicable under state law; and second, that even if federal law applies, the district court erred in failing to find that Aetna was equitably estopped from denying coverage because of its "affirmative misconduct." As the district court's judgment was based on a question of law, we exercise plenary review.

II.

Appellants urge us to apply state law principles so as to find a waiver by Aetna of its right to insist upon the filing of a proof of loss in accordance with the policy. However, we address this issue by examining the policy and the federal program under which it was issued.

The National Flood Insurance Program ("NFIP") is a federally subsidized flood insurance program administered by the Federal Emergency Management Agency ("FEMA") and set forth in the National Flood Insurance Act. 42 U.S.C. §§ 4001 et seq. FEMA has delegated authority to private, "Write Your Own" ("WYO") insurance companies to issue Standard Flood Insurance Policies ("SFIPs") pursuant to the federal regulations. See 44 C.F.R. § 61.13(f). Under this program, private insurance companies issue flood insurance policies, hold the premiums from these policies in separate accounts, and pay claims and refunds out of the segregated accounts. See 44 C.F.R. Pt.

3

62, App. A, art. II; see also Van Holt v. Liberty Mutual Fire Ins. Co., No. 97-5098 (3d Cir. May 11, 1998). The terms of the SFIPs are standard and uniform, and WYO companies may not alter the terms of SFIPs. The regulations state that "no provision of the said documents shall be altered, varied or waived other than by the express written consent of the Administrator through issuance of an appropriate amendatory endorsement, approved by the Administrator as to form and substance for uniform use." 44 C.F.R. § 61.13(d).

When a WYO company does not have sufficient funds to pay claimants, they make refunds by drawing on FEMA letters of credit. See 44 C.F.R. Pt. 62, App. A, art. IV. In 1982, there was a change in the NFIP rules: FEMA explicitly stated that the burden is on Claimants to file proof of loss. SFIP, art. VIII, ¶ I(4) [App. 19-20].[2] It is expressly stated in each policy that federal law should govern SFIP claims. The terms of the policy state that the "policy is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended . . . and Federal common law." SFIP, art. X [App. at 21].

---

[2] This provision of the policy states the following:

> The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish you with a form or help you complete it.

SFIP, art. VIII, ¶ I(4) [App. 19-20].

4

West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978). Thus, we find that the district court was correct in holding that federal law applies.

Appellants argue that Aetna may nonetheless be estopped from requiring compliance with the proof of loss provisions because the Supreme Court has left open the possibility that the government may be estopped if a plaintiff can prove the traditional elements of estoppel -- namely a misrepresentation upon which the plaintiff reasonably relied to his detriment -- as well as "affirmative misconduct" on the part of the agency or official. See United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987). Appellants argue that Aetna "affirmative misled" appellants into not filing the proof of loss form and that this constitutes "affirmative misconduct." However, like the district court, we do not find this argument to be persuasive. The policy clearly requires claimants to file a proof of loss and a letter was sent to appellants prior to the expiration of the 60 day period explicitly reminding them of this requirement, reinforcing the need to file a proof of loss.[4] [App. at 138]. Aetna did not mislead appellants. Moreover, both the policy and the regulations provide that the terms of the policy may not be altered without the written consent of the Administrator. Appellants could not have reasonably relied on the

---

[4] Appellants assert that the district court failed to find "affirmative misconduct" partly because the court misinterpreted a subsequent letter as providing a "reminder" to file a proof of loss rather than as a denial of coverage for any loss beyond the $453.80. [App. at 140]. We need not resolve the issue of whether or not the district court misconstrued the language of the letter as it does not alter the outcome of the case.

6

contents of a letter from Aetna as a waiver since only the Administrator was empowered to waive this requirement.

Appellants cite one case in which the court of appeals held that the government could not assert the defense of failure to file a proof of loss. Meister Bros., Inc. v. Macy, Director of FEMA, 674 F.2d 1174 (7th Cir. 1982). However, the facts of Meister are significantly different from those in the present case. In that case the government inspector failed to provide the proof of loss form to claimants until after the 60 day period had run. In addition, the Meister court emphasized that its holding was "of necessity limited to the unique circumstances of that case." Id. at 1177 In short, we find no support for the assertion that the district court erred in failing to find affirmative misconduct on the part of Aetna.

III.

For the reasons discussed above, we affirm the district court's Order of July 15, 1997.

TO THE CLERK OF THE COURT:

Please file the foregoing Memorandum Opinion.

_____
Circuit Judge

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 97-5536

---

WILLIAM KENNEDY; PHYLLIS KENNEDY,
Appellants

v.

CNA INSURANCE COMPANY; AETNA INSURANCE COMPANY; ABRAMS
INSURANCE AGENCY; NATIONAL ASSOCIATES; MICHAEL MCLAUGHLIN;
JOHN DOE(S), I-III, j/s/a; THOMAS HEIST INSURANCE AGENCY, INC.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 95-2222)
District Court Judge: Honorable Stanley Brotman

---

Submitted Under Third Circuit LAR 34 1(a)
April 28, 1998

Before: ALITO, RENDELL, and GARTH, Circuit Judges

---

**JUDGMENT**

---

This case came on to be heard on the record from the United States District Court

for the District of New Jersey and was submitted on April 28, 1998. On consideration

whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court

entered July 15, 1997 be and the same is hereby affirmed.

Costs taxed against appellants.

ATTEST:

*[signature]*

Chief Deputy Clerk

DATED:   MAY 2 9 1998

156 F.3d 1225 (Table)
(Cite as: 156 F.3d 1225)

William Kennedy, Phyllis Kennedy
v.
CNA Insurance Company, Aetna Insurance
Company, Abrams Insurance Agency,
National Associates, Michael McLaughlin, John
Doe(s), I-III, j/s/a, Thomas
Heist Insurance Agency, Inc.

NO. 97-5536

United States Court of Appeals,
Third Circuit.

May 29, 1998

Appeal From: D.N.J.,No.952222, 969 F.Supp. 931

Affirmed.

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. The Third Circuit provides by rule for the reporting of opinions having "precedential or institutional value. An opinion which appears to have value only to the trial court or the parties is ordinarily not published." The Federal Reporter tables are prepared from lists of cases terminated by judgment orders, unpublished per curiam opinions and unpublished signed opinions, indicating the disposition of each case, transmitted by the Court. Third Circuit Rules, App. 1, Internal Operating Procedures, Ch. 5, sec. 5.1, 28 U.S.C.A.)

END OF DOCUMENT

Copr. © West 1999 No Claim to Orig. U.S. Govt Works

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 97-5536

———————

WILLIAM KENNEDY; PHYLLIS KENNEDY,
Appellants

v.

CNA INSURANCE COMPANY; AETNA INSURANCE COMPANY; ABRAMS
INSURANCE AGENCY; NATIONAL ASSOCIATES; MICHAEL MCLAUGHLIN;
JOHN DOE(S), I-III, j/s/a; THOMAS HEIST INSURANCE AGENCY, INC.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civ. No. 95-2222)
District Court Judge: Honorable Stanley Brotman

———————

Submitted Under Third Circuit LAR 34.1(a)
April 28, 1998

———————

Before: ALITO, RENDELL, and GARTH, Circuit Judges

(Opinion Filed:   MAY 2 9 1998)

———————

MEMORANDUM OPINION OF THE COURT

———————

RENDELL, Circuit Judge:

Appellants William and Phyllis Kennedy, appeal from a judgment entered in favor of the defendant, Aetna Insurance Company, holding that their flood insurance claim was barred by their failure to file a proof of loss. We will affirm the decision of the district court.

I.

The Kennedys filed this complaint seeking recovery from losses sustained as a result of a March 4, 1994 flood of their property.[1]  In short, appellants seek enforcement of a flood insurance contract issued by the defendant pursuant to the National Flood Insurance Program.  42 U.S.C. §§ 4001 et seq.  The district court held that the Kennedys' claim was barred by their failure to file a formal proof of loss within 60 days, that the traditional doctrines of waiver and estoppel were not applicable, and that plaintiffs could not show the "affirmative misconduct" necessary to invoke estoppel against a government agency.  Appellants filed a timely appeal of the district court's July 15, 1997 Order granting judgment in favor of the defendant.  The district court had jurisdiction pursuant to 42 U.S.C. § 4072.  Appellate jurisdiction is founded on 28 U.S.C. § 1291.

---

[1] As both parties stipulated to all facts which form the basis for the complaint, and because these facts are recited by the district court in its opinion, we need not review that history here.

2

RENDELL, Circuit Judge:

Appellants William and Phyllis Kennedy, appeal from a judgment entered in favor of the defendant, Aetna Insurance Company, holding that their flood insurance claim was barred by their failure to file a proof of loss. We will affirm the decision of the district court.

## I.

The Kennedys filed this complaint seeking recovery from losses sustained as a result of a March 4, 1994 flood of their property.[1]  In short, appellants seek enforcement of a flood insurance contract issued by the defendant pursuant to the National Flood Insurance Program.  42 U.S.C. §§ 4001 et seq.  The district court held that the Kennedys' claim was barred by their failure to file a formal proof of loss within 60 days, that the traditional doctrines of waiver and estoppel were not applicable, and that plaintiffs could not show the "affirmative misconduct" necessary to invoke estoppel against a government agency.  Appellants filed a timely appeal of the district court's July 15, 1997 Order granting judgment in favor of the defendant.  The district court had jurisdiction pursuant to 42 U.S.C. § 4072.  Appellate jurisdiction is founded on 28 U.S.C. § 1291.

---

[1] As both parties stipulated to all facts which form the basis for the complaint, and because these facts are recited by the district court in its opinion, we need not review that history here.

2

— 8a —

Appellants make two arguments on appeal: first, that the district court erred in finding that Aetna's conduct regarding the proof of loss should be governed by the estoppel standard applicable to governmental agencies rather than the less stringent standard of waiver applicable under state law; and second, that even if federal law applies, the district court erred in failing to find that Aetna was equitably estopped from denying coverage because of its "affirmative misconduct." As the district court's judgment was based on a question of law, we exercise plenary review.

## II.

Appellants urge us to apply state law principles so as to find a waiver by Aetna of its right to insist upon the filing of a proof of loss in accordance with the policy. However, we address this issue by examining the policy and the federal program under which it was issued.

The National Flood Insurance Program ("NFIP") is a federally subsidized flood insurance program administered by the Federal Emergency Management Agency ("FEMA") and set forth in the National Flood Insurance Act. 42 U.S.C. §§ 4001 et seq. FEMA has delegated authority to private, "Write Your Own" ("WYO") insurance companies to issue Standard Flood Insurance Policies ("SFIPs") pursuant to the federal regulations. See 44 C.F.R. § 61.13(f). Under this program, private insurance companies issue flood insurance policies, hold the premiums from these policies in separate accounts, and pay claims and refunds out of the segregated accounts. See 44 C.F.R. Pt.

3

— 9a —

62, App. A, art. II; see also Van Holt v. Liberty Mutual Fire Ins. Co., No. 97-5098 (3d Cir. May 11, 1998). The terms of the SFIPs are standard and uniform, and WYO companies may not alter the terms of SFIPs. The regulations state that "no provision of the said documents shall be altered, varied or waived other than by the express written consent of the Administrator through issuance of an appropriate amendatory endorsement, approved by the Administrator as to form and substance for uniform use." 44 C.F.R. § 61.13(d).

When a WYO company does not have sufficient funds to pay claimants, they make refunds by drawing on FEMA letters of credit. See 44 C.F.R. Pt. 62, App. A, art. IV. In 1982, there was a change in the NFIP rules: FEMA explicitly stated that the burden is on Claimants to file proof of loss. SFIP, art. VIII, ¶ I(4) [App. 19-20].[2] It is expressly stated in each policy that federal law should govern SFIP claims. The terms of the policy state that the "policy is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended . . . and Federal common law." SFIP, art. X [App. at 21].

---

[2] This provision of the policy states the following:

> The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish you with a form or help you complete it.

SFIP, art. VIII, ¶ I(4) [App. 19-20].

— 10a —

West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978). Thus, we find that the district court was correct in holding that federal law applies.

Appellants argue that Aetna may nonetheless be estopped from requiring compliance with the proof of loss provisions because the Supreme Court has left open the possibility that the government may be estopped if a plaintiff can prove the traditional elements of estoppel — namely a misrepresentation upon which the plaintiff reasonably relied to his detriment — as well as "affirmative misconduct" on the part of the agency or official. See United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987). Appellants argue that Aetna "affirmative misled" appellants into not filing the proof of loss form and that this constitutes "affirmative misconduct." However, like the district court, we do not find this argument to be persuasive. The policy clearly requires claimants to file a proof of loss and a letter was sent to appellants prior to the expiration of the 60 day period explicitly reminding them of this requirement, reinforcing the need to file a proof of loss.[4] [App. at 138]. Aetna did not mislead appellants. Moreover, both the policy and the regulations provide that the terms of the policy may not be altered without the written consent of the Administrator. Appellants could not have reasonably relied on the

---

[4] Appellants assert that the district court failed to find "affirmative misconduct" partly because the court misinterpreted a subsequent letter as providing a "reminder" to file a proof of loss rather than as a denial of coverage for any loss beyond the $453.80. [App. at 140]. We need not resolve the issue of whether or not the district court misconstrued the language of the letter as it does not alter the outcome of the case.

6

— 11a —

contents of a letter from Aetna as a waiver since only the Administrator was empowered to waive this requirement.

Appellants cite one case in which the court of appeals held that the government could not assert the defense of failure to file a proof of loss. <u>Meister Bros., Inc. v. Macy, Director of FEMA</u>, 674 F.2d 1174 (7th Cir. 1982). However, the facts of <u>Meister</u> are significantly different from those in the present case. In that case the government inspector failed to provide the proof of loss form to claimants until after the 60 day period had run. In addition, the <u>Meister</u> court emphasized that its holding was "of necessity limited to the unique circumstances of that case." <u>Id</u>. at 1177. In short, we find no support for the assertion that the district court erred in failing to find affirmative misconduct on the part of Aetna.

## III.

For the reasons discussed above, we affirm the district court's Order of July 15, 1997.

TO THE CLERK OF THE COURT:

Please file the foregoing Memorandum Opinion.

_____
Circuit Judge

7

— 12a —

STATUTORY AND REGULATORY PROVISIONS INVOLVED

42 U.S.C.A. 4019 provides:

The Director is authorized to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance made available under the provisions of this chapter.

42 U.S.C. 4053 provides:

The insurance companies and other insurers which form, associate, or otherwise join together in the pool under this part may adjust and pay all claims for proved and approved losses covered by flood insurance in accordance with provisions of this chapter and, upon disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

-13a-

42 U.S.C. 4072 provides:

> In the event the program is carried out as provided in §4071 of this title, the director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the director, may institute an action against the director on such claims in the United States District Court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

44 C.F.R. Pt. 61, App. (a)(1), Art. (9)(r) provides in pertinent part:

> You may not sue us to recover money under this policy unless you have complied with all of the requirements of the policy. If you do sue, * * * you must file the suit in the United States District Court of the district in which the insured property was located at the time of the loss.

44 C.F.R. 62.23(i)(6) provides, in pertinent part:

> [T]he responsibility for defending claims will be upon the Write Your Own Company and defense costs will be part of the * * * claim expense allowance[.]

-14a-