1  GARY R. GLEASON (SB# 136167)
   MARGARET A. BURTON (SB# 193386)
2  FARBSTEIN & BLACKMAN
   A Professional Corporation
3  411 Borel Avenue, Suite 425
   San Mateo, California 94402-3518
4  Tel: 650-554-6200; Fax: 650-554-6240
   *Local Counsel for Defendant,*
5  USAA GENERAL INDEMNITY COMPANY

6
   GERALD J. NIELSEN (La. SB# 17078)
7  CHRISTOPHER J. BELL (La. SB# 22734)
   NIELSEN LAW FIRM, L.L.C.
8  3838 N. Causeway Blvd. Suite 2850
   Metairie, Louisiana 70002
9  Tel: 504-837-2500; Fax: 504-832-9165
   *Of Counsel for Defendant,*
10 USAA GENERAL INDEMNITY COMPANY

11

12                    UNITED STATES DISTRICT COURT

13       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

14

| | |
|---|---|
| STEFANIE COOK AND NATHANIEL COOK, | CASE NO. C-07-4042-SC |
| Plaintiffs, | DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH JURY DEMAND |
| vs. | |
| USAA GENERAL INDEMNITY COMPANY and DOE 1 and DOE 100, inclusive, | Date:       October 24, 2008<br>Time:       10:00 a.m.<br>Courtroom: 1 |
| Defendants. | Complaint Filed: August 6, 2007 |

NOTICE OF MOTION & MEMO IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL:

On October 24, 2008 at 10:00 a.m. in Courtroom 1 of the United States District Court, Northern District of California, located at 450 Golden Gate Ave.,San Francisco, CA 94102, USAA GENERAL INDEMNITY COMPANY, ("USAA") will move this Court to quash the Plaintiffs' jury demand pursuant to F.R.Civ.P. Rule 39. USAA makes this motion as a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), and appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2]

USAA moves to quash the jury demand as to all claims by Plaintiffs against USAA on the following grounds: (1) the Seventh Amendment right to a jury trial does not apply; (2) the funds at issue in this matter are U.S. Treasury funds and not the funds of USAA, and nowhere did Congress affirmatively and unambiguously grant the right to a jury trial; (3) the National Flood Insurance Act of 1968 ("NFIA"), as amended[3] (which must be strictly construed and enforced) as well as the controlling federal statutory[4] and regulatory laws do not allow for jury trials in matters involving the NFIP; and (4) Plaintiff has asserted a breach of contract claim against USAA, and extra-contractual claims for interest.

Since the SFIP is itself a Federal law, codified and found at 44 C.F.R. Part 61, Appendix A(1), (2004 edition), the question as to whether the SFIP was breached is a question of law, not fact, for the court to decide. There is nothing for a jury to address. As the Court is well aware, the Standard Flood Insurance Policy ("SFIP"), which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1) is to be interpreted only by the Court, as coverage under the SFIP or the determination of a breach of the terms of the

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1316 (11th Cir. 2003). See also, *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] 42 U.S.C. §4001, *et seq.*

[4] 44 C.F.R. Pt. 59, *et seq.*

NOTICE OF MOTION & MEMO IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SFIP is a matter of law, not fact, for the Court to decide. As such, the request for a jury should be denied.

WHEREFORE, Defendant, USAA GENERAL INDEMNITY COMPANY, prays that this Court will issue an Order quashing the Plaintiffs' jury demand for the reasons as set forth in the accompanying Memorandum in Support of this Motion.

DATED: September 12, 2008

Respectfully submitted,

By _____
Gary R. Gleason
Local Counsel for Defendant,
USAA GENERAL INDEMNITY COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant, USAA GENERAL INDEMNITY COMPANY, ("USAA") a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), appearing herein in its "fiduciary"[5] capacity as the "fiscal agent of the United States,"[6] and respectfully submits this Memorandum in Support of its Motion to Quash Jury Demand as to all claims against USAA asserted by the Plaintiffs on the following grounds: (1) the Seventh Amendment right to a jury trial does not apply; (2) the funds at issue in this matter are U.S. Treasury funds and not the funds of USAA; and, nowhere did Congress affirmatively and unambiguously grant the right to a jury trial; and (3) the National Flood Insurance Act of 1968, as amended ("NFIA")[7]( which must be strictly construed and enforced) as well as the controlling federal statutory[8] and regulatory[9] laws do not allow for jury trials in matters involving the National Flood Insurance Program ("NFIP"). As the Court is well aware, the Standard Flood Insurance Policy ("SFIP") (which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1)) is to be interpreted only by the Court, as coverage under the SFIP or the determination of a breach of the terms of the SFIP is a matter of law (not fact) for the Court to decide. As such, there is nothing for a jury to decide, and the jury demand should be quashed.

The basis for this Motion is found in the holdings of *Sandia Oil Co., Inc. v. Beckton*, 889 F.2d 258 (10th Cir. 1989); *Kolner v. Director, FEMA*, 547 F.Supp. 828 (N.D. Ill., E.D. 1982); *Latz v. Gallagher*, 550 F.Supp. 257 (W.D. Mich., S.D., 1982); *Latz v. Gallagher*, 562 F.Supp. 690 (W.D. Mich., S.D., 1983); and *Yonker v. Guifrida*, 581 F.Supp. 1243 (D.W.Va. 1984).

---

[5] 44 C.F.R. §62.23(f).

[6] 42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1316 (11th Cir. 2003). See also, *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[7] 42 U.S.C. §4001, *et seq.*

[8] 42 U.S.C. 4001, *et. seq.*

[9] 44 C.F.R. Pt. 59, *et seq.*

Most recently, Judge Barbier issued a ruling quashing a jury demand in an NFIP case entitled *Whitfield v. Fidelity National Insurance Company,* Civil Action No. 06-4166 (E. D. La., March 28, 2007).[10] Other courts across the country have held that jury trials are unavailable in matter involving Write-Your-Own ("WYO") Program carriers (such as USAA) and have granted similar motions to quash jury demands. See *Chatmar v. Allstate,* 2005 WL 588511 (N.D.Cal. Feb. 11, 2005); *Donald Truex v. Allstate Insurance Company, et al,* Case No. 03-cv-06587 (C.D.Cal. January 21, 2005)(*See,* Gleason Decl. - Exhibit 2); *Winkler v. State Farm,* Case No. 3:03-cv-202 (S.D.Miss. May 21, 2004)(*See,* Gleason Decl. - Exhibit 3); *Pecarovich v. Allstate Insurance Company,* Case No. 99-cv-2129 (November 23, 2005)(*See,* Gleason Decl. - Exhibit 4); *Scritchfield v. Mutual of Omaha,* Case No. 1:04-cv-116 (E.D. Tex. October 25, 2004)(*See,* Gleason Decl. - Exhibit 5); *Fletcher v. Texas Farmers Insurance Co.,* Case No. H-03-0758 (S.D.Tex. July 1, 2003)(*See,* Gleason Decl. - Exhibit 6); "*Hanson v. FNIC, et al,*" Case No. 2:05-cv-118 (M.D.Fla. November 2, 2005)(*See,* Gleason Decl. - Exhibit 7); "*Guerra v. Union American Ins. Co.,*" Case No. 01-5089 (S.D.Fla. August 21, 2002)(*See,* Gleason Decl. - Exhibit 8); "*Chaviano v. State Farm Fire and Cas. Co.,*" Case No. 01-0827 (S.D.Fla. April 9, 2002) (*See,* Gleason Decl. - Exhibit 9); "*Jones v. Hartford Fire Ins. Co.,*" Case No. 01-8087 (S.D.Fla. February 25, 2002) (*See,* Gleason Decl. - Exhibit 10); "*Dere v. Allstate Ins. Co., et al.,*" Case No. 6:98-cv-1408-22C (M.D.Fla. Jun. 6, 2000) (*See,* Gleason Decl. - Exhibit 11); and "*Nutt v. Allstate Ins. Co.,*" Case No. 3:96cv549/RV (N.D.Fla. March 24, 2000) (*See,* Gleason Decl. - Exhibit 12).

II. **DESCRIPTION OF NATIONAL FLOOD INSURANCE PROGRAM**

Presently, the NFIP is operated under Part B of the Plan, under the Director of the Federal Emergency Management Agency ("FEMA"), and uses private insurance companies known as "Write-Your-Own" or "WYO" carriers to issue the SFIP, a federal regulation codified and found at 44 C.F.R. Pt. 61, App. A(1). Prior to 1978, the NFIP was operated by

---

[10] In candor to the court, *Whitfield* was granted as an unopposed motion, but the court in its Order did note that the Motion to Quash the Jury "has merit". A copy of this Order is attached hereto as Exhibit 1 to the Declaration of Gary R. Gleason in Support of Defendant's Motion to Quash Jury Demand ("Gleason Decl.")

the U.S. Dept. of Housing and Urban Development ("HUD"); but, in 1978, the NFIP began to operate under Plan B (42 U.S.C. § 4071, *et seq.*), wherein the Federal Insurance Administration ("FIA") took over the running of the NFIP, and all of HUD's responsibilities were turned over to the Director of FEMA.

In 1983, under Part B of the Program, the Director of FEMA authorized the SFIP to be issued by private insurance companies that agreed to participate as the "fiscal agents" of the United States. Under the current system, Congress underwrites <u>all</u> operations of the NFIP, including claims adjustment, through the U.S. Treasury.[11] Congress has conferred "rule-making power upon the agency created for carrying out its policy" to FEMA.[12] Congress statutorily authorized FEMA to enter into "Arrangements" with private insurance companies that operate with a federal checkbook as the "fiscal agent of the United States."[13] The Fifth Circuit has held that WYO Program carriers perform as "fiscal agents of the United States.[14] Please note that the Third, Fourth, Sixth, Eighth, Ninth and Eleventh Circuits have all likewise held the same.[15]

Under the "Arrangement" with the WYO carriers established by FEMA with the authorization of Congress, all payments under an NFIP "claim" are "binding" upon the FIA.[16] In addition, FEMA's regulations make clear that WYO carriers handle U.S. Treasury funds directly, and not through a reimbursement mechanism.[17] As such, a judgment against a WYO

---

[11] 42 U.S.C. §4017(d)(1).

[12] 42 U.S.C. §§ 4013, 4017, 4019.

[13] 42 U.S.C. §4071(a)(1).

[14] *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998).

[15] See *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166-67 (3rd Cir. 1998); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir.2002); *Neuser v. Hocker*, 246 F.3d 508, 510 (6th Cir. 2001); *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001); and *Flick v. Liberty Mutual*, 205 F.3d 386, 388-9 (9th Cir. 2000), *cert. denied*, 531 U.S. 927 (2000); *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1316 (11th Cir. 2003).

[16] 44 C.F.R. §§62.23(i)(l) and (6), and App. A, Art. II(F) and Art. III(C).

[17] See 44 C.F.R. Pt. 62, App. A, Art. II(E) and III(D)(1) and (2); and *Flick*, 205 F.3d 386, FN 10.

Program carrier constitutes "a direct charge on the public treasury."[18]

## III. LAW AND ARGUMENT

A key to whether Plaintiffs are entitled to a jury demand is the fact that for all claims for benefits pursuant to the SFIP, it is U.S. Treasury funds that are at stake (and <u>not</u> the assets of USAA).[19] As such, the regulations and restrictions on the ability to recover those U.S. Treasury funds must be strictly observed, and nowhere in the controlling federal law has Congress allowed for jury trials in matters involving the NFIP.

### A. Seventh Amendment

The Seventh Amendment of the United States Constitution provides that "[I]n suits at common-law, where the value in controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved." Rule 38 of the Federal Rules of Civil Procedure allows a party to demand a jury trial as to "issues triable of right by a jury." However, it is well established that the Seventh Amendment right to a jury trial does not apply in actions to recovery U.S. Treasury funds. *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981). A party in such an action has a right to a trial by jury only where Congress has affirmatively and unambiguously granted that right by statute. *Id.* As will be illustrated by the following discussion, there is no discernable basis for a jury trial in matters arising out of the administration of the NFIP. Nowhere did Congress provide for a jury trial, even in a trial involving a WYO Program carrier. The court has the ability to quash the jury demand pursuant to F.R.Civ.P. Rule 39(a).

### B. Jury Trials Against FEMA

In 1978, the federal government terminated the then-existing insurance pool operation that was based upon Part A of the Act. At the same time, it commenced operating the program directly under Part B of the Act without the aid of any insurance companies at all. From 1978 until 1983, all flood insurance polices in this country were issued directly by the federal government. These historical points are material, because the first judicial decisions

---

[18] *Gowland,* 143 F.3d at 955.

[19] See *Gowland, supra; Flick, supra; Van Holt, supra;* and *Battle, supra.*

concerning the right to a trial by jury subsequent to the transfer from Part A to Part B of the Act occurred while all polices were being issued by FEMA directly.

The first known of these decisions is *Latz v. Gallagher*, 550 F.Supp. 257 (W.D. Mich., S.D. 1982). In *Latz*, FEMA filed a motion to strike the jury demand, and asked the court to determine whether there is a right to trial by jury in an action brought against the United States under the National Flood Insurance Act.[20] The court determined that the question was controlled by the Supreme Court's decision in *Lehman, supra*. The district judge in *Latz* interpreted *Lehman* as follows:

> Under *Lehman*, the once difficult determination of whether a right to jury trial attaches is now made by applying a simple test - - i.e., has Congress "affirmatively and unambiguously granted that right by statute?" 101 S.Ct. at 2705. An examination of the Act shows that Congress has not done so in this case.[21]

Relying on *Lehman*, the *Latz* court granted FEMA's motion to strike the jury.

In *Kolner v. Director, FEMA*, 547 F.Supp. 828 (N.D. Ill. 1982), the court reached the same result that prevailed in *Latz* and in *Lehman*. Yet *Kolner* also explained the import of the switch by the federal government from Part A to Part B of the Act. "Under Part A, the National Flood Insurance Association ("NFIA"), an unincorporated association of 132 private insurance companies, shared the financial risk of flood insurance losses with the United States Department of Housing and Urban Development ("HUD")."[22] When the program was switched to Part B, the risk shifted completely to the government:

> Under Part B, however, operational responsibility for the program was transferred first to HUD and then to FEMA. The statute authorizing the Part B framework, 42 U.S.C. §4071, authorizes the use of insurance companies as fiscal agents of the United States and the use of officers and employees of HUD. Although HUD's report to Congress indicated that private sector insurers were to be used to "the maximum extent practicable" under the Part B

---

[20] *Latz*, 550 F.Supp. at 257.

[21] *Latz*, 550 F.Supp. at 257.

[22] *Kolner*, 547 F.Supp. at 829.

framework, 42 Fed.Reg. 58573 (1977), the report also indicated that the private insurers were to be used exclusively on the fiscal agent/contractor basis rather than as the pool of insurers they were previously.[23]

Given the switch to Part B of the Act, and given that now the federal government operates the program more directly and with direct use of federal funds, the court concluded that jury trials that were available under Part A, were not available now that the program had switched to Part B.[24] A third decision on this point is *Yonker v. Guifrida*, 581 F. Supp. 1243, 1245 (D.W. Va. 1984).

The next case concerning FEMA's status as the program's risk bearer is the Tenth Circuit decision of *Sandia Oil Co., Inc. v. Beckton*, 889 F.2d 258 (10th Cir. 1989). The *Sandia Oil* court noted the jury trial issue in the context of ruling on the question of whether post-judgment interest is available in flood litigation. Reviewing prior interpretations of §4072 of the Act, the court noted that, "Section 4072's waiver of immunity has been strictly construed not to allow a jury trial against the government."[25] In addition, the court noted that, "Now that FEMA has switched to a Part B flood insurance program operated by the government, the ultimate risk bearer for all expenses of the program is the National Flood Insurance Fund."[26] *Sandia Oil* cited 42 U.S.C. §4017(d), the same statute Fidelity cites in this case to demonstrate that FEMA is paying for the expenses of this litigation, that FEMA is paying for adjustment of Plaintiff's claims against Fidelity, and that FEMA is paying the claims themselves.

C. **WYO Program carriers are the functional equivalent of FEMA.**

As noted by the Eleventh Circuit in *Newton v. Capital Assurance Corp.*, 245 F.3d 1306 (11th Cir. 2001), *rehearing denied*, 263 F.3d 172 (11th Cir. 2001), the conditions for recovery of U.S. Treasury funds apply even where the issuer of the SFIP is a WYO Program carrier and

---

[23] *Kolner*, 547 F.Supp. at 829-30.

[24] *Kolner*, 547 F.Supp. at 830.

[25] *Sandia Oil*, 889 F.2d at 262.

[26] *Sandia Oil*, 889 F.2d at 263.

not FEMA directly. The reason being is that a WYO Program carrier is the functional equivalent of FEMA:

> Capital persuades us with these points - - FEMA's inevitable liability for claims and it substantial administrative oversight - - to join our fellow circuits in concluding that the line between a WYO company and FEMA it too thin to matter for the purposes of federal immunities such as the no-interest rule. See *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393-94 (9th Cir.) (relying on unlikelihood that claims will be paid out of premiums, rather than federal fund, to conclude that WYO polices are federal insurance policies financed by congressional authorization, and that the Appropriations Clause therefore prohibits any "substantial compliance" softening of proof-of-loss requirements), cert. denied, ___ U.S. ___, 121 S.Ct. 305, 148 L.Ed.2d 245 (2000); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166-67 (3d Cir. 1998) (concluding that a suit against a WYO insurer is, for jurisdictional purposes, "in reality" a suit against FEMA because FEMA pays the judgment and litigation costs); *Gowland v. Aetna*, 143 F.3d 951, 954-55 (5th Cir. 1998) (because losses WYO policies are paid from federal funds, a WYO insurer cannot waive a right to a proof-of-loss statement, or be equitably estopped from demanding one).[27]
>
> \* \* \*
>
> A WYO company may write a policy in its name, but FEMA dictates the terms. And preliminary responsibility is a mirage when the federal government, through FEMA, will always foot the bill in th end. Giving these factors controlling weight would elevate the form of the insurance system over its substance. *Id.* at 1312.

See also, *Van Holt*, 163 F.3d at 166-67. In fact, in *Nutt*,[28] the court relied upon this truism by stating the following:

> Thus, because an action against a WYO Carrier is an action against FEMA, and because there is no right to trial by jury in an action against FEMA, plaintiff is not entitled to trial by jury in this case against the WYO insurer.

D.   **Suits against WYO carriers**

As noted above, in 1983, FEMA commenced the WYO Program.[29] This is the same program under which the policy of the Plaintiffs at bar was issued and administered. The WYO Program operates under Part B of the Act and under FEMA's authority under 42 U.S.C. §4071(a)(1) to enter into "Arrangements" with insurance companies who act as the "fiscal agent of the United States." Currently, in excess of 90 percent of all flood policies are issued

---

[27] *Newton*, 245 F.3d at 1311-12.

[28] Exhibit 12 at p.5.

[29] 44 C.F.R. §62.23, *et seq.*

1 by private insurance companies through the WYO Program.

2    Despite the government's return to involvement by private insurance companies, courts have continued to hold that jury trials are no longer available. Courts have adopted this view because it is the federal government, rather than the insurance companies, that bears the financial risk of the program. Under Part B of the Act, involvement by private insurance carriers is not risk bearing. As *Sandia Oil* and *Van Holt* explain, expense and risk rest with the federal government.[30] The courts have consistently held that jury trials are not available against WYO Program carriers.

   In *Fletcher v. Texas Farmers Insurance Company*, Case No. H-03-0758 (S. D. Tx. July 1, 2003)[31], the defendant WYO carrier moved the court to quash the Plaintiff's jury demand. The court held:

> Because U.S. Treasury funds are used directly to fund claims under the NFIP, the Plaintiff is not entitled to a trial by jury in this case. While the seventh amendment preserves a right to trial by jury, the Supreme Court of the United States has found that the seventh amendment does not apply in actions involving U.S. Treasury funds. Only where Congress has affirmatively and unambiguously granted by statute the right to a jury trial in cases involving U.S. Treasury funds may a plaintiff in such an action have a right to trial by jury. Section 4072 of the National Flood Insurance Act governs judicial review in actions involving the NFIP, and nowhere in the statute does it "affirmatively and unambiguously" grant the right of a jury trial to anyone instituting such an action. Therefore, "in as much as Congress has not granted an entitled to a jury trial under 42 U.S.C. §4072 or any other provision," the plaintiff in this case has no right to a jury trial. At pages 2-3. (Citations omitted.)

The same reasoning was applied by the court in *Guerra*,[32] and the court found no basis to grant a jury trial in a matter against the NFIP and held:

> As discussed above, the NFIP is implemented under 42 U.S.C. §§4071-4072. *Newton*, 245 F.3d at 1308. This statute does not "affirmatively and unambiguously grant the parties a right to a jury trial. [case cites omitted] This is because the sovereign immunity of the United States precludes jury trials in actions brought pursuant to 42 U.S.C. §4072. *Yonker*, 581 F.Supp. at 1245. Accordingly, plaintiff is not entitled to a jury trial.

---

[30] *Sandia Oil*, 889 F.2d at 263; *Van Holt*, 163 F.3d at 166-67, respectively.

[31] Exhibit 6 at pps. 2-3.

[32] Exhibit 8 at pps. 6-7

In *Chaviano*,[33] the court declared trial by jury was not available in litigation against a WYO carrier and held as follows:

> Plaintiff's claims implicate funds of the United States Treasury administered by Defendant under the National Flood Insurance Program, 42 U.S.C. §§ 4071-4072. Plaintiff's claims are therefore charges on the public treasury, amounting to a suit against the federal government itself. *Newton v. Capital Assurance Corp.*, 245 F.3d 1306, 1312 (11th Cir. 2001). A plaintiff bringing suit against the federal government has a right to trial by jury only where Congress has "affirmatively and unambiguously" granted the right by statute. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Congress has not done so here. Therefore, Plaintiff is not entitled to a jury trial. (citations omitted)

In *Jones*,[34] the court provided these reasons for granting the motion to quash a jury demand:

> As noted above, the National Flood Insurance Program is currently implemented under 42 U.S.C. §§4071-4072. *Newton*, 245 F.3d at 1308. 42 U.S.C. §4072 does not "affirmatively and unambiguously grant the plaintiff the right to a jury trial. [case cite omitted] This is so because the sovereign immunity of the United States precludes jury trials in actions brought pursuant to 42 U.S.C. §4072. *Yonker*, 581 F.Supp. at 1245. Therefore, the Court concludes that the plaintiff, Ruth Jones, is not entitled to a jury trial.

In *Nutt, supra*, the court found the following in granting the defendant's motion to quash a jury trial:

> Recently, the Ninth Circuit determined in an action brought against a WYO insurer, that "regardless of whether FEMA or a WYO company issues a flood insurance policy, funds from the Treasury of the United States pay off the insureds' claims," and, therefore, the Appropriations Clause applies. *Flick v. Liberty Mutual Fire Ins. Co.*, ___ F.3d ___, 2000 WL 155899 (9th Cir., Feb. 15, 2000)[*sic*]. Thus, "[b]ecause flood losses, whether insured by FEMA or by a participating WYO insurer, are paid out of the National Flood Insurance Fund, a claimant under a standard flood insurance policy must comply strictly with the terms and conditions that Congress has established for payment." *Id.*, at *7 (citing U.S. Const. article I, section 9, clause 7 (stating that funds may be drawn from the Treasury only by act of law.) Therefore, in this case, because plaintiff is suing to collect federal Treasury funds, and there is no statute explicitly conferring a right to jury trial, the presumption must be that the plaintiff is not entitled to trial by jury.[35]

In "*Hanson v. FNIC, et al*," Case No.2:05-cv-118 (M.D.Fla. November 2, 2005), the court held:

> "Section 4072 does not provide for a jury trial. A waiver of sovereign

---

[33] Exhibit 9 at p.1.

[34] Exhibit 10 at p.3.

[35] See Exhibit 12 at p.4. Please note that the citation to the *Flick* decision is taken verbatim from Chief Judge Vinson's ruling. The full citation for that case is *Flick v. Liberty Mutual Ins. Co.*, 205 F.3d 386 (9th Cir. 2000), *cert. denied*, 531 U.S. 929 (2000).

immunity must be strictly construed. *Latz v. Gallagher*, 562 F.Supp. 690, 693 (D.C.Mich.1983). "In as much as 42 U.S.C.§4072 does not 'affirmatively and unambiguously' grant the Plaintiff a right to a jury trial, the Court finds that the sovereign immunity of the United States precludes a jury trial in this action." *Yonker v. Guifrida*, 581 F.Supp. 1243, 1245-46 (D.C.W.Va.1984), citing *Kolner v. Direct, Federal Emergency Management Agency*, 547 F.Supp. 828 (N.D.Ill.1982). Therefore, based upon the statute not containing a provision for a jury trial, the Court finds that pursuant to Fed. R.Civ.P.39(a)(2), a right to a jury trial on the issues raised in this action "does not exist under the Constitution or statutes of the United States," and the request for trial by jury is stricken."[36]

The case at bar implicates the funds of the U.S. Treasury exactly as in *Chatmar, supra; Fletcher, supra; Guerra, supra; Chaviano, supra; Jones, supra; Nutt, supra;* and *Hanson, supra*. Therefore, Plaintiffs are likewise precluded from a trial by jury.

For the reasons set forth in the *Lehmann, Sandia Oil, Kolner, Latz* and *Yonker* decisions, and integrated into the analysis of the statutory scheme of the NFIP, the instant jury demand against USAA should be quashed.

## IV. CONCLUSION

The National Flood Insurance Act is the federal law at issue, 42 U.S.C. §4001, *et seq.* The Standard Flood Insurance Policy at issue is itself a federal law, found at 44 C.F.R. part 61, Appendix A(1) (2004 edition). Under the NFIP, USAA acts as the fiscal agent of the United States. The funds at issue are still U.S. Treasury funds, not USAA's. The U.S. Government has not authorized a jury trial in any of the statutes governing and controlling the NFIP, even as to the WYO insurance companies participating in the NFIP. Interpreting Plaintiffs' breach of contract claim presents a question of law (not fact) for a court to rule upon, not a jury. For the reasons assigned herein, USAA respectfully requests that this Honorable Court issue an Order quashing Plaintiffs' jury demand.

DATED: September 12, 2008

Respectfully submitted,

By _____
Gary R. Gleason
Local Counsel for Defendant
USAA GENERAL INDEMNITY COMPANY

---

[36] See Exhibit 7 at p.2.

NOTICE OF MOTION & MEMO IN SUPPORT
-10-    OF MOTION TO QUASH JURY DEMAND